JAMES J. LOUGHERY *vs.* CENTRAL TRUST COMPANY
& others.

Norfolk.    March 23, 24, 1926. — January 6, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Actionable Tort.    Deceit.    Conspiracy.    Fraud.*

There can be no recovery in an action of tort for damage resulting from
reliance upon false statements of belief, of conditions to exist in the
future, or of matters merely promissory in nature.

Except where criminal conduct is involved, the law favors settlements of
disputes, although some of the parties may have been in the wrong.
Per WAIT, J.

A demurrer admits only facts well pleaded: it does not admit inferences
from those facts unless they are necessary inferences.

Allegations in a declaration in an action of tort by one who had been the
owner of the majority interest in the voting capital stock of a corpora-
tion against a trust company and four individuals were, in substance,
that the plaintiff for his own benefit and for the benefit, as he saw it,
of the corporation was pressing action which the defendants, who may
have been in the wrong, were opposing as injurious to themselves; that
efforts were being made to compromise and dispose of disputes; that
the plaintiff's signature was desired to a contract in writing which
would settle the existing controversies and provide for the immediate
future of the parties thereto; that, previous to the making of the
contract and to induce the plaintiff to execute it, the defendants con-
spired together to defraud the plaintiff and represented and agreed
that certain of them would take over certain offices in the corporation,
would properly finance it, and would handle and manage the com-
pany's affairs actively and intelligently for the benefit of its creditors,
stockholders and the plaintiff; that such representations and agree-
ments were made by the defendants with knowledge of their falsity
and with no intent to perform the agreements "in good faith in accord-
ance with the fiduciary duty thereby undertaken and represented to
be undertaken"; that the defendants intended the plaintiff to rely on
them; that the plaintiff in ignorance of their falsity relied on them and
executed the agreement; that the defendants did not carry out their
agreements or representations made before the execution of the agree-
ment; and that by reason thereof the value of the corporation and of
its stock was lost; that the plaintiff to his damage acted upon such
misrepresentations and agreements.    The contract in writing did not
contain any of the alleged representations or agreements and there
was no allegation that the defendants did not perform all that the
contract in writing called for or that the alleged preliminary agree-

ments were kept out of the contract in writing by fraud on the part of the defendants. The defendants demurred. *Held,* that

(1) None of the statements alleged to be representations was the affirmation of an existing fact;

(2) There was no allegation of any peculiar power of coercion or any fiduciary relation on the part of the defendants toward the plaintiff; it appeared that the plaintiff acted on his own judgment and freely;

(3) Even if conspiracy could be an independent cause of action, no actionable conspiracy appeared; distinguishing *Willett* v. *Herrick,* 242 Mass. 471, *Martell* v. *White,* 185 Mass. 255, and *Pickett* v. *Walsh,* 192 Mass. 572;

(4) It was not a necessary inference from the facts alleged in the declaration that the plaintiff's loss would not have occurred had the defendants performed everything which the plaintiff alleged they promised they would perform;

(5) The declaration was an effort to avoid the consequences of the rule of law which forbids the admission of evidence of conversations, agreements and representations preceding the execution of a contract in writing to modify and contradict or add to that contract;

(6) The situation disclosed by the declaration was not that of one induced to act by false representations of an existing intent to perform the contractual relations provided for by the contract entered into;

(7) No actionable tort was shown by the declaration.

TORT against the Central Trust Company of Cambridge, Elmer H. Bright, Walter G. Davis, George B. Howard and Morton B. Howard, with a declaration described in the opinion. Writ dated July 30, 1925.

The defendants demurred to the declaration on the ground, among others, that it did "not state any cause of action entitling the plaintiff to recover against the defendants or any of them." The demurrer was heard by *Morton,* J., and was sustained, and by his order judgment was entered for the defendants. The plaintiff appealed.

*J. A. Locke,* (*E. S. Abbott* with him,) for the plaintiff.

*H. D. McLellan,* (*J. A. Daly* with him,) for the defendants.

WAIT, J. This is an appeal from an order for entry of judgment for the defendant, after the plaintiff's declaration had been held bad on demurrer and no amendment thereto had been made. The action is at law, in tort. The declaration is very long, but in a single count. After the recital of transactions in which the plaintiff, the defendants, one Richard Hittinger, and the American Ammonia Company

were concerned, the declaration alleges that, knowing these things, the defendants conspired to defraud the plaintiff and, in pursuance of the conspiracy, to obtain control of the plaintiff's majority interest in the voting capital stock of the American Ammonia Company and to obtain releases of the claims of that company against the estate of Richard Hittinger and the defendants George B. and Morton B. Howard, by falsely and fraudulently representing and agreeing that if the plaintiff would do certain things, particularly set out, the defendant Bright, acting for himself and for the other defendants, would become trustee under a voting trust for the purpose of making it possible properly to finance the company and to handle and manage its affairs, actively and intelligently, for the benefit of its creditors and stockholders; the defendant Central Trust Company would designate a treasurer of the company in place of the plaintiff until a time to be determined in accord with the terms of a written agreement dated August 12, 1922, a copy of which was annexed to the declaration as Exhibit C; the defendants Davis, Morton B. Howard, and one Richard Hittinger, Jr., would serve as directors of the company until that time; the Central Trust Company and Morton B. Howard would choose a general manager for the company in place of the plaintiff; Bright and the other defendants would properly finance the company; and Bright would handle and manage the company's affairs actively and intelligently for the benefit of its creditors, stockholders and the plaintiff, who was to be employed on terms fixed in said agreement. It alleges that in reliance on these representations, the plaintiff signed the written agreement referred to, resigned as treasurer and general manager of the company, and transferred his shares of voting capital to Bright to be held upon the terms of the agreement of August 12, 1922. It fails, however, to allege that he did all the things set out to be required of him, and to allege that he did certain of the things which he sets out to be done by him. It alleges that Bright neglected and refused to act as voting trustee; that he and the other defendants neglected and refused to carry out this agreement to manage the company for the best interests of its stockholders and creditors and the

plaintiff, or to do anything whatever in regard to financing the company further. It alleges that the company was not managed in good faith, and that in pursuance of the conspiracy and to effect its object, the defendants destroyed the value of the company which in consequence became bankrupt and on November 8, 1922, was so adjudicated. It alleges that all the representations and agreements made in pursuance of the conspiracy as set forth in the declaration were made "with knowledge of the falsity of said representations, and with no intent to carry out and to perform and with the intent not to carry out and to perform said agreements and to manage . . . [the corporation] in good faith in accordance with the fiduciary duty thereby undertaken and represented to be undertaken"; that they intended that the plaintiff should rely and act on the representations and agreements; that the plaintiff was ignorant of the falsity, of their lack of intent to perform and of their intent not to perform the agreements and to manage the company in accord with the duties undertaken; that he relied upon the representations and agreements, and acted thereon to his damage.

The declaration concludes with alleging ignorance of the conspiracy, of the wrongful acts of the defendants and of their wrongful and illegal acts in carrying it into effect, until shortly before bringing the action; and that the defendants destroyed the value of the American Ammonia Company so that the plaintiff lost the value of his stock, of his position, of his secret formula used in manufacturing ammonia, and the value of a note for $21,288.28, made by the company and held by him.

Not one of the statements alleged to be representations is the affirmation of an existing fact. If representations to be actionable must be assertions of facts as existing, it is clear that no cause of action is set out. The law refuses to permit recovery in tort for damage resulting from reliance upon false statements of belief, of conditions to exist in the future, or of matters promissory in nature. *Knowlton* v. *Keenan,* 146 Mass. 86. *Brown* v. *C. A. Pierce & Co. Inc.* 229 Mass. 44. *Dawe* v. *Morris,* 149 Mass. 188.

The plaintiff contends that the gist of the action is the

conspiracy. We have held in *Willett* v. *Herrick*, 242 Mass. 471, *Martell* v. *White*, 185 Mass. 255, and *Pickett* v. *Walsh*, 192 Mass. 572, that, in some circumstances, if persons who possess peculiar powers of coercion or who stand in certain fiduciary relations with another combine to accomplish an illegal act, or a legal act by illegal means to be exerted against that other, an actionable tort may arise for which they may jointly or severally be held liable. See *Gurney* v. *Tenney*, 226 Mass. 277, 280. No allegations of this declaration assert or disclose any peculiar power of coercion or any fiduciary relation on the part of the defendants. The plaintiff has acted upon his own judgment, freely. That disposes of the case so far as conspiracy as a cause of action, if it ever can be a cause of action, is alleged.

It remains to consider whether any other tort is set out for which through alleged concerted action the defendants may be held liable.

It has been asserted that it is a tort intentionally to cause loss to another for the sake of injuring him, and that the tort is actionable unless some legal excuse for the course pursued exists. *Skinner & Co.* v. *Shew & Co.* [1893] 1 Ch. 413, 422. *Mogul Steamship Co.* v. *McGregor*, 23 Q. B. D. 598, 613. *Aikens* v. *Wisconsin*, 195 U. S. 194, 204. *Plant* v. *Woods*, 176 Mass. 492, 498. *Martell* v. *White, supra*, 258. Without passing upon that question, see *Taft* v. *Bridgeton Worsted Co.* 237 Mass. 385, it is enough to say that this declaration shows by its recitals of events preceding the alleged representations that all parties were acting together to secure the adjustment of disputed liabilities, and that, therefore, the end sought by the defendants cannot be held illegal. Except where criminal conduct is involved, the law favors settlements of disputes, although some of the parties may have been in the wrong. The declaration does not make out an inexcusable intent to inflict injury.

In substance the declaration discloses that the plaintiff for his own benefit and for the benefit, as he saw it, of the American Ammonia Company, was pressing action which the defendants, who may have been in the wrong, were opposing as injurious to themselves; that efforts were being

made to compromise and dispose of disputes; that the plaintiff's signature was desired to the written agreement annexed to the declaration as Exhibit C, which would settle the existing controversies and provide for the immediate future of the parties thereto; and that, as he alleges, promises in regard to their future conduct were made by defendants, promises which they had then the definite purpose not to fulfil and which they made with the fraudulent intent to deceive him, to induce him to sign, and to deprive him of his property. The things promised related to the general subject matter, but they were not embraced in the written agreement. It is manifest that the plaintiff seeks to recover what he has lost through the failure of the American Ammonia Company; and that he attributes his loss to reliance on the performance of the promises which he has asserted were made to delude him. *Non constat* that the loss would not have occurred had the defendants performed everything which he alleges they promised. As was pointed out in the somewhat similar case of *Dawe* v. *Morris, supra,* the loss is not the clear and necessary consequence of the alleged wrong. An essential element in an actionable tort is missing. The demurrer admits only facts well pleaded. It does not admit inferences from those facts unless they are necessary inferences. The loss from this cause must appear from the allegations of fact of the declaration. It does not so appear.

There is no allegation that the defendants did not do all that the agreement Exhibit C called for. This is a case where an effort is made to avoid the consequences of the rule of law which forbids evidence of conversations, agreements and representations had prior to the execution of a written agreement, to modify, contradict or add to that agreement. That rule is more than a rule of evidence. It is a statement of the requirement of the law that persons about to regulate their mutual duties by a written contract, shall express in the writing all that is to control their action in the premises and all their mutual obligations in regard thereto. Had the contract embodied all that the plaintiff alleges was promised in the premises, his remedy for damages for failure to perform would have been upon the contract.

He cannot maintain an action for the same damages, where some of the promises were not so embodied, by alleging the omitted promises to be fraudulent representations, and seeking recovery in tort. No fraud in keeping them out of the contract is alleged.

It is not necessary to determine whether the entry made in the suit in equity precludes the plaintiff from seeking, through the indirect method of this action of tort, to attack that decree, nor to pass upon the other grounds of demurrer.

The situation disclosed by the declaration is not that of one induced to act by false representations of an existing intent to perform the contractual relations provided for by the agreement entered into. See *Feldman* v. *Witmark*, 254 Mass. 480.

The demurrer was properly sustained and judgment must be entered upon the order made.

*So ordered.*