TILLIE R. CUMMINGS *vs.* HERBERT HARRINGTON & another.

Berkshire.    March 2, 1932. — March 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Limitations, Statute of.    Deceit.    Conspiracy.    Actionable Tort.*

The declaration in an action of tort contained allegations that the plaintiff, a woman, being in poor health, was taken by a nurse attending her to the home of the defendants, husband and wife, in September, 1926; that the defendants and the nurse conspired to keep the plaintiff under their control for treatment in order that they might secure money; that, in pursuance of their designs, they imprisoned the plaintiff, committed assaults and batteries upon her and slandered her; and that she finally escaped from the defendants in December, 1926. The action was commenced in June, 1931. *Held*, that

(1) No cause of action for deceit was alleged;

(2) No cause of action for conspiracy appeared: the allegations of conspiracy were merely characterizations of tortious acts done jointly by the defendants;

(3) The gist of the plaintiff's cause of action was the imprisonment, coupled with assault and battery and slander;

(4) The cause of action arose previous to December, 1926, and was barred by the statute of limitations, G. L. c. 260, § 4.

TORT.    Writ dated June 23, 1931.

The declaration and the defendants' plea in bar are described in the opinion. The plea was heard by *Whiting*, J., in the Superior Court, and was sustained. The plaintiff alleged an exception.

The case was submitted on briefs.

*A. R. Simpson, C. R. Clason, & G. J. Callahan*, for the plaintiff.

*G. R. Stobbs, H. H. Hartwell, & L. E. Stockwell*, for the defendants.

FIELD, J.    This action of tort was begun by a writ dated June 23, 1931. The declaration is as follows: "And the

plaintiff says that at the times of the acts and utterances hereinafter set forth she was and now is the wife of Robert B. Cummings. From 1923 until January 1, 1927, and thereafter she was not in good health. In July, 1926, the plaintiff was at her home in Wilkes Barre, Pennsylvania, where a nurse attended her. In September, 1926, the said nurse took the plaintiff to the home of the defendants in Adams, Massachusetts. The defendants, Mr. and Mrs. Harrington, and the said nurse each received payments of money for care and support of the plaintiff. The two defendants, the Harringtons, conspired with the said nurse and the three agreed together so to conduct themselves towards the said plaintiff, and so to speak and act concerning said plaintiff as to keep the plaintiff under their control and in restraint, and in such a manner as to convince her relatives and husband that it was necessary that the plaintiff be so restrained and treated at the defendants' home by the said defendants and the said nurse, in order that the said defendants and the said nurse might secure money for themselves and maliciously defame and injure the plaintiff. In pursuance of their conspiracy and designs the said defendants caused chains to be placed upon the doors to a room in which they restrained the plaintiff of her liberties and the windows of the said room to be securely fastened. The plaintiff finally escaped on December 28, 1926, after previous attempts, from the defendants' home and from the defendants, who by force tried to make her return to their home from a neighbor's house to which the plaintiff had gone for refuge. During the time the plaintiff was so restrained unlawfully by the defendants she was struck, beat, choked, defamed and forced to endure many indignities by the defendants and by the said nurse under the direction of the defendants. Because of the said acts and words the plaintiff was caused great pain and suffering by the defendants in consequence of and in pursuance of the defendants' corrupt and fraudulent conspiracy and agreement whereby great injury was caused to the plaintiff, not only through physical and mental pain which she suffered but also through injury to her repu-

tation, whereby she has been much hurt and prejudiced in her good name and esteem among her friends, relatives and acquaintances and the world in general, to the great damage of the plaintiff."

The defendants pleaded in bar the statute of limitations. The judge found in accordance with an agreement of the parties that "none of the provisions of the statutes extending the time of the running of the general statute of limitations, G. L. c. 260, § 4, apply," and sustained the plea. The plaintiff excepted.

The declaration states no cause of action which accrued after December 28, 1926. So far, therefore, as the action is for assault and battery, false imprisonment or slander it is barred by the two-year statute. G. L. c. 260, § 4. The plaintiff contends, however, that the declaration states causes of action in tort for deceit and for conspiracy and, therefore, can be maintained since the action was commenced within six years after these causes thereof accrued. G. L. c. 260, § 2.

The declaration states no cause of action for deceit. The plaintiff contends that such a cause of action accrued to her from her having been induced by fraud to leave her home in Pennsylvania and come to Massachusetts, and relies upon *Cook* v. *Brown*, 125 Mass. 503, and *Sweet* v. *Kimball*, 166 Mass. 332, in support of this contention. The declaration, however, contains no allegation that the defendants made any false representations to the plaintiff expressly or by implication and, consequently, does not bring this case within the authority of these decisions.

The declaration states no cause of action for conspiracy. The gist of the action is tortious restraint of the plaintiff by the defendants and resulting damage, coupled with assault and battery and defamation in the course of the unlawful restraint. The allegation of conspiracy does not change the nature of the action or state an independent cause of action. It is at most an allegation that the wrongful acts were done jointly. *Bilafsky* v. *Conveyancers Title Ins. Co.* 192 Mass. 504. *Perry* v. *Hayes*, 215 Mass. 296. *Lawrence Trust Co.* v. *Sun-American Publishing Co.* 245

Mass. 262, 266. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 214, and cases cited. The declaration discloses no peculiar power of coercion of the plaintiff possessed by the defendants in combination which any individual standing in a like relation to the plaintiff would not have had. The case, therefore, is distinguishable from *Willett* v. *Herrick*, 242 Mass. 471, 477–478. See *Loughery* v. *Central Trust Co.* 258 Mass. 172, 176. Nor do the relations in which the defendants stood to the plaintiff, as set forth in the declaration, furnish any basis for an independent action for conspiracy.

*Exceptions overruled.*