JOHN F. FLEMING *vs.* ERNEST B. DANE & others.

Norfolk.   May 17, 1937. — September 16, 1937.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Pleading, Civil*, Declaration, Demurrer.  *Duress.  Release.  Joint Tort-feasors.*

An allegation in a declaration that a release had been obtained by duress was a conclusion of law and was not admitted by demurrer.

Refusal by a bank to deliver securities to which a wife was entitled unless her husband would release certain claims against it did not show that the release was obtained from the husband by duress.

A declaration containing allegations of a conspiracy by several defendants against the plaintiff, and that a general release under seal given by the plaintiff to one of the defendants covering the matters complained of was obtained by duress, but without specification of acts showing duress, was adjudged on demurrer to show that the release was a complete defence as to all defendants.

TORT.  Writ in the Superior Court dated July 30, 1936.

Demurrers were heard and overruled by *Fosdick*, J., who reported his orders for determination by this court.

*W. F. Coles*, (*F. E. Jennings* with him,) for the defendant Colonial Beacon Oil Company.

*H. D. White*, for the defendant The Brookline Savings Bank and another.

*D. R. Pokross*, for the defendant Brookline Trust Company and another.

*W. J. Barry*, for the plaintiff.

QUA, J.  The declaration alleges that the plaintiff owned two parcels of real estate in Brookline, a corner lot which was mortgaged to the defendant Brookline Trust Company and an adjoining lot mortgaged to the defendant Brookline Savings Bank and leased to a tenant.  Then follow allegations in substance that the savings bank and the defendant

Cousens put pressure upon the plaintiff to compel him to reduce the rent; that the defendants Cousens, Dane, the savings bank and the trust company interfered to prevent the plaintiff from obtaining a license for the storage and sale of gasoline on the corner lot, thereby preventing the plaintiff from making an advantageous lease of that lot to the defendant Colonial Beacon Oil Company and rendering him unable to meet his payments on the mortgage on that lot; that the trust company foreclosed on that lot, bid it in, and at once sold it to the oil company, which immediately obtained a permit. At the close of the declaration is a general paragraph stating in the form of a conclusion that "the aforesaid actions" of all the defendants were parts of an unlawful scheme and conspiracy to deprive the plaintiff of his property and business. It is plain that the gist of the wrong claimed is the loss through foreclosure of the corner lot.

It is a serious question whether, as the declaration stands, any legal wrong is adequately pleaded against any of the defendants. *Randall* v. *Hazelton,* 12 Allen, 412. *Antoine* v. *Commonwealth Trust Co.* 266 Mass. 202, 206. *Zevitas* v. *Adams,* 276 Mass. 307. *Robitaille* v. *Morse,* 283 Mass. 27. *Johnson* v. *East Boston Savings Bank,* 290 Mass. 441. Compare *Willett* v. *Herrick,* 242 Mass. 471. But we need not determine this question, as the declaration contains these further statements: The plaintiff's wife had "placed" $10,000 worth of securities with the defendant Brookline Trust Company "in safe keeping to be delivered to her or her representatives upon demand." The plaintiff as her representative repeatedly demanded them, stating his necessity for securing them in order to pay the interest on the mortgage held by the trust company on the corner lot. The trust company and Dane refused to deliver them. Shortly after the foreclosure and the conveyance of the property to the oil company, the trust company secured the presence of the plaintiff and his wife in its offices. The wife was "seriously ill mentally and physically, had lost her memory and was possessed with but one thought, to get back" her securities. At this meeting the trust com-

pany refused to deliver the securities, although admitting that it held them only for safe keeping and should deliver them upon request, unless the plaintiff and his wife should sign a release of any claims for damages. This release was obtained without consideration by duress and force. A copy of the release annexed to the declaration purports to be a general release under seal of all claims of the plaintiff and his wife against the trust company, specifying particularly claims in consequence of having held the securities and of the foreclosure and subsequent sale of the real estate, in consideration of the delivery of the securities and of one dollar and other valuable consideration.

The allegation that the release was obtained by duress and force, in the context in which the words are here used, is a mere statement of a conclusion of law. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73. *French* v. *Kemp*, 253 Mass. 75. *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269, 281. Its truth was not admitted by the demurrers. *Dealtry* v. *Selectmen of Watertown*, 279 Mass. 22, 26–27. The allegations of particular fact do not support this conclusion. No act or threat is alleged against the person or property of the plaintiff himself or against the person of his wife. The utmost that is alleged is that the trust company refused to deliver up the wife's securities unless the release was signed. It does not appear that the trust company knew that the wife was ill, nor does it appear that her condition was caused or would be made worse by delay in getting her securities. It does not appear that there was any danger of ultimate loss of the securities. So far as appears the right of the wife to recover them was clear. It does not appear that the plaintiff had any right to these securities, or that his wife would have given them to him, if she had obtained them. At that time the property had already been foreclosed and conveyed to the oil company, so that there is nothing to show that the plaintiff's situation would have been bettered in any way if he had obtained the securities. In short there is an entire lack of anything to show urgency or compulsion which could or did overcome the will and break down the resistance of

the plaintiff. *Morse* v. *Woodworth*, 155 Mass. 233, 250. *Lajoie* v. *Milliken*, 242 Mass. 508, 524–525. *Willett* v. *Herrick*, 258 Mass. 585, 603. *Rosenbloom* v. *Kaplan*, 273 Mass. 411, 416. *Freeman* v. *Teeling*, 290 Mass. 93.

It follows that the release was a complete defence as to the releasee, Brookline Trust Company. *Willett* v. *Herrick*, 258 Mass. 585, 608. And under a well established principle of law it was likewise a complete defence as to all other defendants sued as joint tortfeasors with the releasee. *Brown* v. *Cambridge*, 3 Allen, 474. *Stone* v. *Dickinson*, 5 Allen, 29. *Goss* v. *Ellison*, 136 Mass. 503. *Leddy* v. *Barney*, 139 Mass. 394. *Aldrich* v. *Parnell*, 147 Mass. 409. *Pickwick* v. *McCauliff*, 193 Mass. 70, 75. *Brewer* v. *Casey*, 196 Mass. 384, 388. *Matheson* v. *O'Kane*, 211 Mass. 91. *Cormier* v. *Worcester Consolidated Street Railway*, 234 Mass. 193, 196. *Gold* v. *Boston Elevated Railway*, 244 Mass. 144. Williston on Contracts (Rev. Ed.), § 338A.

The orders overruling the demurrers are reversed, and orders are to be entered sustaining the demurrers.

*So ordered.*