Daniel C. Mulloney *vs.* Francis R. Mullin & others.

Suffolk. April 7, 1938. — May 24, 1938.

Present: Rugg, C.J., Lummus, Qua, Dolan, & Cox, JJ.

*Libel. Unlawful Interference. Conspiracy. Trustee Process.*

An action of tort based on allegations that one defendant, conspiring with other defendants, by false charges in legal proceedings against the plaintiff caused the plaintiff to be falsely branded as a "criminal

defaulter," whereby his "opportunity for reëmployment in any business and his earning capacity have been forever damaged and ruined," was merely an action for libel, and under G. L. (Ter. Ed.) c. 246, § 1, could not be begun by trustee process.

TORT OR CONTRACT. Writ in trustee process in the Superior Court dated October 8, 1937.

The declaration covered over four pages of the printed record. The closing paragraph read as follows: "Whereby and as the direct result of said scheme, secret combination and conspiracy to carry into effect their combined power and influence, and as the direct result of the false representations, wrongful and illegal acts and fraudulent means, the opportunity of the plaintiff for reëmployment in any business and his earning capacity have been forever damaged and ruined, and the plaintiff has been branded on the official records of the courts of this Commonwealth a criminal defaulter; a record directly resulting from the unlawful acts, representations, illegal scheme and concerted effort of these defendants, based upon false, unfounded charges, acts and statements made by these defendants; all to the great damage of the plaintiff as more fully and specifically set forth in the writ."

A motion by the defendants Mullin and Massachusetts Bonding and Insurance Company to dismiss the action was allowed by *Williams*, J. The plaintiff appealed.

*F. H. Farrell*, for the plaintiff.

*F. R. Mullin*, (*E. P. Keleher* with him,) for the defendant Mullin.

*C. H. Byrnes*, for the defendant Hale.

*F. H. Chase*, for the defendants Falvey and another.

LUMMUS, J. This action of tort or contract, begun by trustee process, comes here on appeal from the allowance of motions to dismiss based on the ground that the action is one of tort for slander or libel, and is begun by trustee process in violation of G. L. (Ter. Ed.) c. 246, § 1.

The declaration alleges that the defendant Mullin is a lawyer, and as such entered into a conspiracy with the other defendants to injure the plaintiff "by unlawfully charging and recording the plaintiff as a defaulter because

of alleged dishonest and criminal acts . . . ." In pursuance of this conspiracy, it is alleged, the defendant Mullin brought a bill in equity against the plaintiff which "purported to refer to improper acts of the plaintiff as" president and trustee of a certain trust, and presented to the insurer of the plaintiff as such president and trustee "a proof of claim of loss purporting to state certain dishonest and criminal acts of the plaintiff as" such president and trustee, which proof of claim was false and unfounded, but which the insurer, becoming a party to the conspiracy, recognized and satisfied in the sum of $35,000. It is further alleged that, in pursuance of the conspiracy, Mullin and others "caused to be recorded in the records of" the bill in equity documents "containing extended references to the falsely alleged facts as to criminal conduct or dishonest acts of this plaintiff while acting as [such] president and trustee." By these means, it is alleged, "the plaintiff has been branded on the official records of the courts of this Commonwealth a criminal defaulter; a record directly resulting from the unlawful acts, representations, illegal scheme and concerted effort of these defendants, based upon false, unfounded charges, acts and statements made by these defendants."

The plaintiff contends that his action is not in tort for libel. It is often hard to distinguish an action for libel where damage by way of loss of employment or custom is alleged, from an action for malicious or unlawful interference with contract or business where defamation forms the means of interference. Possibly the two forms of action are not mutually exclusive. See *Sherry* v. *Perkins*, 147 Mass. 212; *May* v. *Wood*, 172 Mass. 11; *Moran* v. *Dunphy*, 177 Mass. 485; *McGurk* v. *Cronenwett*, 199 Mass. 457; *Wheeler-Stenzel Co.* v. *American Window Glass Co.* 202 Mass. 471, 473; *Davis* v. *New England Railway Publishing Co.* 203 Mass. 470, 479; *M. Steinert & Sons Co.* v. *Tagen*, 207 Mass. 394, 397, 398; *Martineau* v. *Foley*, 231 Mass. 220; *Godin* v. *Niebuhr*. 236 Mass. 350; *Lawrence Trust Co.* v. *Sun-American Publishing Co.* 245 Mass. 262; *Gould* v. *Kramer*, 253 Mass. 433, 436; *A. Sandler Co.* v. *Portland Shoe-Manuf. Co.* 291 Mass. 326; *Russo* v. *Thomp-*

son, 294 Mass. 44, 46; Menard v. Houle, 298 Mass. 546. In this case the plaintiff does not allege that he had any existing or presently expected contract, business or employment that could be interfered with. The action appears to us one for libel, and necessarily in tort. MacCormac v. Hannan, 248 Mass. 86. Poorvu v. Weisberg, 286 Mass. 526, 537, 538.

The allegation of conspiracy is not the gist of the action and does not change its nature. This is not a case in which concerted action was necessary for the accomplishment of the intended injury. Willett v. Herrick, 242 Mass. 471, 477. Loughery v. Central Trust Co. 258 Mass. 172, 176. Des Lauries v. Shea, ante, 30, 33–34. In this case the conspiracy, if proved, would merely extend the liability to conspirators who had no part in the actual publication of the libel. Randall v. Hazelton, 12 Allen, 412, 414. Bilafsky v. Conveyancers Title Ins. Co. 192 Mass. 504, 506. Cummings v. Harrington, 278 Mass. 527. Caverno v. Fellows, 286 Mass. 440. Johnson v. East Boston Savings Bank, 290 Mass. 441.

                    *Orders dismissing action affirmed.*