CHARLES COMERFORD *vs.* ROBERT MEIER & others.

Essex. November 16, 1938. — February 27, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Pleading, Civil,* Declaration, Demurrer. *Actionable Tort. Unlawful Interference. Conspiracy. Corporation,* Stockholder. *Libel and Slander. Trustee Process.*

Allegations in a declaration, that the defendants conspired to injure the plaintiff, did not show that the combination was a tort in itself apart from the acts of the defendants set forth, but were merely the equivalent of an averment that their acts were done jointly.

Conduct by the stockholders of a corporation merely seeking to exclude from its employment all but persons of a certain racial stock would not be tortious toward an employee who was not of that stock.

Statements that one was a "crook" and had stolen money would not be actionable if it did not appear whether they were oral or written, or that they were false, or that, if true, they were malicious.

A demurrer does not admit inferences from facts alleged unless they are necessary inferences.

No cause of action was shown by allegations that the defendants, for the purpose of destroying the value of the plaintiff's shares in a bank, induced a public official to refuse to restore to the bank its small loan

license, which had been sought by the plaintiff as an officer of the bank, and that the result of the defendants' acts was that the value of the plaintiff's services to the bank had been lessened.

A stockholder of a corporation has no right of action as an individual against the other stockholders for impairment of the value of his stock through acts of the defendants which diminish the corporate assets.

Allegations that the defendants "planned to humiliate and intimidate" the plaintiff "so that he would resign his position" as an employee of a corporation and surrender his stock therein, without an allegation of such resignation or surrender, did not state a cause of action.

Allegations by a plaintiff still in the employ of a corporation, that receivership proceedings had been brought by the defendants against the corporation in bad faith for the purpose of ousting him from his employment and of destroying the value of his stock in the corporation did not state a cause of action.

An action with a declaration essentially based on attempted unlawful interference with the plaintiff's contract of employment, to which alleged defamation and malicious prosecution of the plaintiff were merely a means, could be brought by a trustee writ.

TORT. Writ in the Superior Court dated January 24, 1938.

A demurrer was sustained, and a motion to dismiss allowed, by *Burns*, J. The plaintiff appealed.

*J. G. Kelly*, for the plaintiff, submitted a brief.

*J. A. Donovan*, for the defendants.

RONAN, J. The declaration in this action of tort alleges that the plaintiff is an officer and employee of a certain corporation, referred to as a bank; that in 1934 he opposed the employment by the bank of one Sontag; and that certain of the defendants, for the purpose of securing such employment for Sontag and for the purpose of ousting the plaintiff from his employment with the bank, "combined, confederated and agreed" among themselves and later with the remaining defendants upon a plan which included the following activities: (a) They have induced the stockholders of the bank, some of whom "are the other defendants in this action," to make the bank "a so called German bank; that is, to exclude from employment or from holding of stock only those who are [not] of German origin or descent," which the plaintiff is, not, and "meetings and gatherings" have been held "which were participated in by the defendants for the purpose of achieving this end";

(b) Three named defendants have disseminated and published in the city where the bank was located "and amongst the other defendants" and others, statements that the plaintiff was a "crook," that he "had gotten away with money of the bank and that he would be put in jail"; (c) In order to destroy the value of the plaintiff's shares of stock of the bank the defendants have, since 1935, induced the supervisor of loan agencies of the Commonwealth to refuse to restore the bank's license to conduct the business of making small loans and have caused the supervisor to state that he will not restore such license unless the plaintiff's employment is terminated and, as a consequence, the value of the plaintiff's services to the bank has been lessened; (d) The defendants, "by threats of jail and intimidation and by the circulation of stories and statements that the plaintiff had gotten away with money of the bank . . . planned to humiliate and intimidate the plaintiff" so that he would resign his position and surrender his stock; and (e) The defendants, without the approval of the directors, have brought a bill in equity to secure the appointment of a receiver for the bank; such action was brought not in good faith but in order to oust the plaintiff and to destroy the value of his stock. There is an allegation that as a result of these acts the plaintiff has suffered substantial damage, severe mental anguish and the expenditure of large sums "in defence of himself and his rights in the bank." The plaintiff appealed from an order sustaining the defendants' demurrer and also from an order allowing a motion to dismiss which alleged that the action was for slander or libel and for malicious prosecution and could not be brought by trustee process.

The plaintiff was required under the practice act to allege "concisely and with substantial certainty" the essential facts constituting his cause of action in order to give the defendants such information as to the nature of the asserted claim as would permit them to file appropriate pleadings. G. L. (Ter. Ed.) c. 231, § 7, Second. *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29. *Grandchamp* v. *Costello,* 289 Mass. 506.

A plaintiff gains nothing by allegations of confederacy or conspiracy, where the facts alleged do not show that the defendants had a special or peculiar power of coercion over the plaintiff, or that they stood in a fiduciary relation toward him, or that the conduct complained of became tortious solely on account of the combination into which the defendants had entered. *Zevitas* v. *Adams*, 276 Mass. 307. *Cummings* v. *Harrington*, 278 Mass. 527. *Caverno* v. *Fellows*, 286 Mass. 440. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441. The gravamen of the present action is not that the association itself constituted a wrong but that the conduct of the individuals was a tort and that they have acted together in perpetrating an injury upon the plaintiff. It is the ordinary case where an allegation of conspiracy, construed with the remaining averments, is merely the equivalent of an allegation of joint action. *Randall* v. *Hazelton*, 12 Allen, 412. *Holden* v. *J. Stevens Arms Co.* 230 Mass. 266. *Loughery* v. *Central Trust Co.* 258 Mass. 172. *Farquhar* v. *New England Trust Co.* 261 Mass. 209. If the declaration, therefore, does not set out a tort against a single defendant then it fails to set out a cause of action.

The declaration is in a single count and contains five paragraphs alleging certain conduct on the part of the defendants. We first consider paragraph (a). The defendants, as stockholders, had the undoubted right, if they thought that the interests of the corporation would be thereby enhanced, to make the bank attractive to those of a particular racial descent, and to employ in the management and conduct of its affairs only persons of such descent. The declaration alleges that all the stockholders except the plaintiff and one or two others were of German origin or descent. If the majority of the stockholders desired to make such a change they could effect it without any liability to the plaintiff even if it should result in the loss of his position. We need not decide whether the defendants would incur any liability to the plaintiff if the predominating motive in seeking such a change was to oust the plaintiff from his employment, as the declaration makes no such direct averment. Moreover, the contemplated change has

not been accomplished and the plaintiff has not been required to sever his connections with the bank. "It is necessary that such a purpose should be the primary object of the combination, entered into with the malicious intention of damaging the plaintiff, and that the means used should cause his damage." *Robitaille* v. *Morse*, 283 Mass. 27, 32. *Fleming* v. *Dane*, 298 Mass. 216. The plaintiff fails to allege that the defendants, in holding meetings to change the policy of the bank in regard to the racial descent of those whom it should employ, were acting maliciously; and the declaration, in so far as it deals with the conduct of the defendants relative to limiting the employees to those of a certain race, does not set forth anything that was not justifiable in the exercise of their rights as stockholders of the bank. *Willett* v. *Herrick*, 258 Mass. 585, 604. *Antoine* v. *Commonwealth Trust Co.* 266 Mass. 202, 206.

The publication of statements by some of the defendants, as averred in paragraph (b), that the plaintiff was a "crook" or had stolen from the bank was not an actionable wrong, because there is no allegation that they were false. It does not appear whether the statements were oral or written. Truth is a complete defence to slander, *Golderman* v. *Stearns*, 7 Gray, 181; and it is also, in the absence of malice, a justification to a charge of libel. *Finnish Temperance Society Sovittaja* v. *Finnish Socialistic Publishing Co.* 238 Mass. 345. The reference to mental anguish because of false statements, as set forth in the last paragraph of the declaration, is not an averment that the statements now being considered were false, and it is not clear whether such a reference relates to the statements contained in paragraph (d), which also are not alleged to have been false. No intendment in favor of the pleader can be made upon a demurrer. *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 592. *Dealtry* v. *Selectmen of Watertown*, 279 Mass. 22. A demurrer admits allegations of fact well pleaded but it does not admit inferences from such facts unless they are necessary inferences. *Loughery* v. *Central Trust Co.* 258 Mass. 172. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441.

Paragraph (c) is principally concerned with interference by the defendants with the efforts of the plaintiff to secure from the supervisor of loan agencies a ·restoration of a license to permit the bank to resume the business of making small loans, and with the action of the defendants in rendering encouragement and assistance to the supervisor in his refusal to restore the license and in securing from him a statement that the license would not be granted so long as the plaintiff was connected with the bank. It is alleged that the motive of the defendants is to effect the removal of the plaintiff, to destroy the value of his stock and to lessen the value of his services to the bank. The supervisor is not a party defendant. There is no allegation that he is acting arbitrarily, unreasonably or illegally. Public officers are presumed to act lawfully. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works*, 289 Mass. 149, 192. It should be noted that the commissioner of banks and not the supervisor is authorized to issue such licenses. G. L. (Ter. Ed.) c. 140, § 96.

The action is not brought in behalf of the bank to recover any damages that might have been sustained on account of the conduct of the defendants as narrated in the instant paragraph, even if we assume that an actionable wrong to the corporation is alleged. The plaintiff cannot avail himself of an action of tort to redress the corporate injury. *Converse* v. *United Shoe Machinery Co.* 185 Mass. 422. *Hirshberg* v. *Appel*, 266 Mass. 98. And the same reasons bar him from recovery because the value of his services to the corporation was diminished by the acts of the defendants. We are not informed by any allegation contained in the declaration as to whether it would be beneficial to the bank to have the license granted. There may be an honest difference of opinion among the stockholders as to the advisability of the bank again engaging in the business of making small loans. The action of the defendants is not wrongful in reference to the renewal of the license, in the absence of any averment that their principal and primary motive was to remove the plain-

tiff from his employment. *Robitaille* v. *Morse*, 283 Mass. 27.

The plaintiff alleges that the conduct of the defendants, who are all alleged to be stockholders, has resulted in an impairment of the value of his stock. That is not an actionable wrong. It is not the law in this Commonwealth that one stockholder is entitled to recover for the impairment of the value of his stock from another stockholder whose action has diminished the corporate assets. *Smith* v. *Hurd*, 12 Met. 371. *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 591.

The allegations contained in paragraph (d) are so general and indefinite that they do not set forth any matter that merits judicial inquiry. They are merely general conclusions entirely unsupported by any specific allegations of particular facts. They are insufficient to set forth a cause of action in tort and, as a matter of pleading, they do not properly allege, in accordance with the practice act, any wrongful conduct of the defendants. *Caverno* v. *Fellows*, 286 Mass. 440, 443. *Wesalo* v. *Commissioner of Insurance*, 299 Mass. 495, 498, and cases cited.

The plaintiff, however, alleges that the defendants have planned to humiliate and intimidate him so as to induce him to resign as an employee of the bank. If such an allegation is well pleaded (see *Fleming* v. *Dane*, 298 Mass. 216), it does not support the plaintiff's contention that the declaration sets forth an action for malicious interference with his contract of employment. It is well settled that it is actionable for one to induce another to breach his contract with the plaintiff and the means need not be unlawful if they are not justifiable. *Walker* v. *Cronin*, 107 Mass. 555. *Moran* v. *Dunphy*, 177 Mass. 485. *Berry* v. *Donovan*, 188 Mass. 353. *McGurk* v. *Cronenwett*, 199 Mass. 457. *Caverno* v. *Fellows*, 286 Mass. 440. Likewise, a conspiracy to deprive one of the benefits of his contract with another is unlawful. *Garst* v. *Charles*, 187 Mass. 144. *Henry W. Savage, Inc.* v. *Wheelock*, 230 Mass. 111. There are instances where bills in equity have been entertained and injunctive relief has been granted to protect contractual

rights from interference by a stranger seeking to cause a breach and to prevent him from enjoying the benefits arising from such a breach. *Beekman* v. *Marsters,* 195 Mass. 205. *Anderson* v. *Moskovitz,* 260 Mass. 523. We need not refer to numerous cases arising out of labor controversies, of which *United Shoe Machinery Corp.* v. *Fitzgerald,* 237 Mass. 537, is a type, where a court of equity has sustained contractual rights against those who combined to cause persons who had contracted with the plaintiff to break their contracts. The plaintiff does not complain because the defendants have induced his employer to discharge him. It is plain that the plaintiff still continues in the service of the bank at his regular employment. No change in his duties is alleged and there is nothing to show that he has been prevented by any act of the defendants from fully performing every duty incidental to his employment. The specific complaint now urged in the paragraph under consideration is not so much that the defendants will cause his discharge but rather that he will be forced to resign. The tenure of the plaintiff's employment is not alleged, and if he is an employee at will he can quit at any time. His resignation would not be a breach of such a contract. We do not see how the general principle, giving a right of action against one who has caused another to break his contract with the plaintiff, can be held applicable to a case where the plaintiff complains that he himself might be induced to terminate his contract with another. Nor do we decide what remedies are open to him. See *Menard* v. *Houle,* 298 Mass. 546. We merely say that the pleading in the present action is insufficient to cause us further to pursue the question.

The allegations contained in paragraph (e) relating to the filing of a bill for the appointment of a receiver for the bank do not allege what action, if any, has been taken thereon by the court. No specific facts are alleged to support the conclusion that damage has thereby been incurred by the plaintiff. The plaintiff does, however, allege in this instance that the receivership proceedings were instituted solely in pursuance of a plan to oust him

from his employment and to lessen the value of his stock. For reasons already stated he cannot recover for any diminution in the value of his stock. Upon the allegations in the declaration he is still in the employment of the bank in the performance of his usual duties, and an action at law for malicious interference for inducing a breach of his contract does not lie when it is not shown that a breach has occurred. Furthermore, since the declaration was filed, the proceedings for the appointment of a receiver, in which the present plaintiff was one of the parties defendant, have come before this court and some of the matters referred to in the declaration have been adjudicated. *Meier* v. *First Citizens Bankers Corp.* 301 Mass. 410.

The declaration does not set forth an action for defamation or for malicious prosecution, as the defendants contend. Neither is alleged as a separate or independent action but both are alleged merely as the means employed by the defendants in seeking the removal of the plaintiff from his employment. The action was begun by trustee process. The judge was wrong in considering the case as one for slander or libel or for malicious prosecution, and there was error in granting the motion to dismiss. *McGurk* v. *Cronenwett,* 199 Mass. 457. *Cummings* v. *Harrington,* 278 Mass. 527. *Mulloney* v. *Mullin,* 300 Mass. 267, and cases cited.

The order allowing the motion to dismiss must be reversed. But the order sustaining the demurrer was correct, and, as the allegations show that the plaintiff has no right of action for interference with his contract, we think that judgment ought to be entered for the defendants. *Morrill* v. *Crawford,* 278 Mass. 250. *Robitaille* v. *Morse,* 283 Mass. 27.

*So ordered.*