### GRACE A. MAIRS & another *vs.* HARRY V. MADDEN & another.

Middlesex.    October 7, 1940. — November 25, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Corporation*, Officers and agents, Stockholder. *Fiduciary. Sale*, Rescission. *Fraud.*

Averments in a bill in equity by certain stockholders of a corporation against two who were directors and "the active officers in charge of" its business, in substance merely that the defendants, "in violation of their fiduciary duty to the stockholders," as individuals purchased enough further shares to prevent the consummation, approved by the directors, of a purchase of stock by a third person from stockholders willing to sell, showed no ground for relief in equity in the absence of further averments substantiating the existence of a "fiduciary duty" to the plaintiffs.

A stockholder in a corporation has no standing, in a suit against an officer in control of the corporation's business, to have declared void for fraud a purchase of stock by the defendant from a stockholder who was not a party to the suit, brought about by the defendant to circumvent an advantageous sale by the plaintiff and other stockholders of their stock to a third person.

BILL IN EQUITY, filed in the Superior Court on November 7, 1939.

The plaintiffs appealed from an interlocutory decree, entered by order of *Greenhalge*, J., sustaining a demurrer to the bill, and from a final decree, entered by order of *Good*, J., dismissing the bill.

*W. J. Bannan*, (*R. W. McEnaney* with him,) for the plaintiffs.

*R. H. Lee*, (*H. V. Madden* with him,) for the defendants.

RONAN, J.   The plaintiffs, who are stockholders of an insurance company having a total capitalization of four thousand shares of the par value of $25, which were held on January 1, 1939, by approximately one hundred fifty persons, none of whom held a majority or controlling interest, brought this bill in equity against the defendants. One of the defendants is the treasurer and a director and the other the secretary and a director of the company.[1]  The bill alleged that one Rice submitted to the board of directors, on October 16, 1939, an offer to purchase the company's stock at $38 a share provided twenty-seven hundred shares were offered, with the right reserved by Rice to purchase two thousand ten shares if stock in that amount were offered and to refuse to purchase any stock in excess of three thousand shares; that the board of directors voted to recommend to the stockholders the acceptance of the offer if Rice should modify his offer by agreeing to purchase all the shares that might be offered; that Rice agreed to this amendment to his offer; that the defendants thereafter purchased enough stock to give them a controlling interest in the company for the purpose of making it impossible for the stockholders to accept the offer of Rice; that those who sold their stock to the defendants would not have done so if they had known of this offer of Rice; and that the defendants have made it impossible for the remaining stockholders to sell their stock except at a great sacrifice in price. The bill prayed for an assessment of damages; that the

---

[1] A further averment of the bill as to the defendants was: "Together they are the active officers in charge of the business and records of said company and devote their whole time, under salary, to its affairs." — REPORTER.

defendants be restrained from making any more purchases of stock without disclosing to the sellers the value of their stock and the offer of Rice; and that the purchases made by the defendants since the offer of Rice be declared null and void. The suit is here upon an appeal from an interlocutory decree sustaining a demurrer and from a final decree dismissing the bill.

The allegation that the defendants "in violation of their fiduciary duty to the stockholders" purchased enough shares of stock to give them a controlling interest is insufficient even to show that any fiduciary relation existed between them and the plaintiffs, much less that the defendants had committed a breach of any obligation of trust or confidence that they owed the plaintiffs. It is not alleged directly and specifically that such relation existed between them. The averment that the parties were stockholders in the same company was not the equivalent of setting forth a relation of trust between them. Mere ownership of stock does not create a fiduciary relation between the stockholders. *Smith* v. *Hurd,* 12 Met. 371, 384. *Stewart* v. *Joyce,* 201 Mass. 301, 311. *Lee* v. *Fisk,* 222 Mass. 424, 426. *Blabon* v. *Hay,* 269 Mass. 401, 407. *Goodwin* v. *Agassiz,* 283 Mass. 358, 361. The defendants are not charged with having entered into an agreement with the plaintiffs to purchase their stock or to aid them in disposing of it, or to refrain from purchasing any stock upon such terms as they may or to apprise the plaintiffs of any offers that they may receive for the purchase of stock of the company. In other words, no contractual relation between the parties is alleged. The allegation that the defendants had violated "their fiduciary duty to the stockholders" is based upon an assumption that such a duty exists, but no intendment in this respect can be made in favor of the bill in the face of a demurrer, *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22; *Comerford* v. *Meier,* 302 Mass. 398, and the implication that such a duty exists rests upon no definite allegations of facts that warrant the conclusion that there was any breach of a fiduciary relationship. A demurrer admits the truth of only such facts as are well pleaded and only such infer-

ences as necessarily arise from the facts alleged. It does not admit the conclusions of law from the facts set forth in the bill. *Loughery* v. *Central Trust Co.* 258 Mass. 172. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441. *Jacobs* v. *Mann*, 300 Mass. 258.

The allegations in the bill do not support the contention of the plaintiffs that the defendants had entered into a conspiracy to purchase a majority of the stock for the purpose of making it impossible for the stockholders to accept the offer of Rice or to sell their stock at a reasonable price. The plaintiffs could have secured the names of the stockholders, their residences, and the number of shares they held. That information was available to all stockholders. *Varney* v. *Baker*, 194 Mass. 239. *Powelson* v. *Tennessee Eastern Electric Co.* 220 Mass. 380. There is nothing in the bill that indicates that the defendants, on account of their official positions in the corporation and by acting in unison, had acquired a peculiar power of coercion over the plaintiffs in dealing with their stock. The most that the bill alleges in this respect is joint action by the defendants. *DesLauries* v. *Shea*, 300 Mass. 30. *Comerford* v. *Meier*, 302 Mass. 398. *Fleming* v. *Dane*, 304 Mass. 46.

Rice's offer was submitted to the board of directors. The defendants were directors and the bill shows that there were other directors. The offer became the common knowledge of the board and was made a part of its records. The bill does not disclose any by-law imposing a duty upon the board in reference to an offer to purchase stock. The board, which must be assumed to be acting in good faith, voted to recommend to the stockholders the acceptance of the offer if Rice agreed to accept all stock that was tendered. When Rice agreed on November 4, 1939, to this modification of his offer the defendants had acquired a majority of the stock. The bill does not show when the plaintiffs first had knowledge of the Rice offer. They may have known of it when it was transmitted to the directors or shortly thereafter. Even if the action of the defendants prevented the submission to the plaintiffs of the offer of Rice, there is no allegation that if the offer had been made they would

have accepted it and sold their stock to him. The allegations of the bill when tested in this respect by the demurrer are plainly insufficient to show that the plaintiffs have been prevented from selling their stock to Rice. *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 592. *Loughery* v. *Central Trust Co.* 258 Mass. 172, 177. *Abbott* v. *Bean,* 295 Mass. 268, 280.

A stockholder has the right to seek redress from another stockholder to vindicate a personal as distinguished from a corporate right. *Peabody* v. *Flint,* 6 Allen, 52. *Bowker* v. *Torrey,* 211 Mass. 282. *General Rubber Co.* v. *Benedict,* 215 N. Y. 18. *Vierling* v. *Baxter,* 293 Penn. St. 52. But a stockholder undoubtedly has the right to purchase the majority of stock for the purpose of gaining control of the company, *Phelan* v. *Edison Electric Illuminating Co. of Brooklyn,* 24 Misc. (N. Y.) 109; *Ingraham* v. *National Salt Co.* 72 App. Div. (N. Y.) 582, and whatever obligation rests upon the purchasing stockholder to disclose to the selling stockholder any information he may possess concerning the value of the stock, *Goodwin* v. *Agassiz,* 283 Mass. 358; *Strong* v. *Repide,* 213 U. S. 419; *Gammon* v. *Dain,* 238 Mich. 30; *Poole* v. *Camden,* 79 W. Va. 310, is not material because the plaintiffs do not complain that they were induced by fraud to sell their stock to the defendants. They show no right to complain that fraud was exerted upon those stockholders who did sell their stock. Such stockholders are not parties to the present suit. The right of those stockholders to set aside the sales is a nonassignable chose in action which they can enforce and in which the plaintiffs have no interest. *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 479. *Mulready* v. *Pheeny,* 252 Mass. 379, 382. *Baker* v. *Allen,* 292 Mass. 169, 174. The plaintiffs do not complain that the conduct of the defendants has resulted in an impairment of the corporate assets or a diminution in the intrinsic value of their stock, and if the acquisition of a majority of the shares by the defendants by the means alleged in the bill has restricted the market for the sale of the shares of the plaintiffs, as minority stockholders, then the result must be attributed to an infirmity inherent

in the ownership of minority stock in the company. The right of the defendants to purchase a controlling interest is paramount to any expectation of the plaintiffs to have the value of their stock remain constant. The bill sets forth no wrongful interference with the rights of the plaintiffs and they are not entitled to injunctive relief. *Hoban* v. *Dempsey,* 217 Mass. 166. *Clark* v. *Morgan,* 271 Mass. 164. *Snay* v. *Lovely,* 276 Mass. 159. *Caverno* v. *Fellows,* 300 Mass. 331, 333. *Neustadt* v. *Employers' Liability Assurance Corp. Ltd.* 303 Mass. 321, 326.

*Interlocutory decree affirmed.*
*Final decree affirmed.*

