IDA ROBICHAUD *vs.* OWENS-ILLINOIS GLASS COMPANY
(and a companion case [1]).

Worcester.   September 22, 1942. — April 26, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Deceit.  Negligence,* Bottle, Vendor, Dangerous article.  *Pleading, Civil,* Declaration, Demurrer.

An action of deceit cannot be maintained if based solely on a representation that was not directed to the plaintiff.

A demurrer properly was sustained to a count in a declaration which was cast in deceit but, respecting reliance by the plaintiff on an alleged false representation made by the defendant, contained only an allegation that the plaintiff "relied" on it without any allegation as to what he did or did not do in reliance.

A declaration in an action of tort containing allegations that the plaintiff was injured by the explosion of a bottle manufactured by the defendant for sale to dealers for use as a container for carbonated beverages, making it "highly dangerous," and that it was the defendant's duty "to use due care" in such manufacture "but that the defendant failed in this duty," did not set forth a cause of action because it did not point out the cause of the explosion of the bottle.

Allegations in a declaration for personal injuries sustained when a bottle containing a carbonated beverage exploded, to the effect that the defendant manufactured bottles for sale for the purpose of being used as such containers; that the bottle which exploded had been sold to a bottler who used it for the purpose intended; that the plaintiff's injuries were due to the fact that the bottle was dangerous when so used, which the defendant knew; and that the defendant, having no

---

[1] The companion case is by Joseph Robichaud against the same defendant.

reason to believe that the plaintiff would realize the dangerous condition of the bottle, failed "to take any steps to inform" him thereof, did not state a cause of action in that they failed to set forth facts casting upon the defendant any duty to see that the bottler should warn anyone or to show that the defendant would be liable if the bottler failed so to warn.

Two ACTIONS OF TORT. Writs in the Superior Court dated October 8, 1941.

Demurrers were sustained by *Dillon,* J. The plaintiffs appealed.

The cases were argued at the bar in September, 1942, before *Field,* C.J., *Donahue, Dolan, Cox,* & *Ronan,* JJ., and afterwards were submitted on briefs to all the Justices.

*S. M. Salny,* for the plaintiffs.

*C. W. Proctor,* for the defendant.

Cox, J. The demurrers to the declarations in these two actions of tort were sustained, and each plaintiff appealed. The first action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff as a result of the explosion of a bottle containing a carbonated beverage, and the second action is brought by the husband of the plaintiff in the first action to recover his consequential damages. Inasmuch as the material allegations in each count of each declaration are substantially the same, we shall, for purposes of convenience, consider the declaration in Mrs. Robichaud's case, referring to her hereinafter as the plaintiff.

1. The first count alleges that the defendant, a manufacturer of glass bottles that are used for the purpose of holding and storing carbonated beverages, sold such bottles to a bottler, with the knowledge that the bottler would fill and deliver them to retail dealers, who, in turn, would resell them, and that while the plaintiff was standing nearby, one of these bottles exploded, causing her injuries. Further allegations are that the defendant, "in putting said bottle or bottles upon the market represented to any persons, including this Plaintiff, who might come in proximity to said bottles containing said carbonated beverage, that the said bottles were safe and reasonably fit for use as a container for car-

bonated beverages and that the said bottles were of sufficient strength and of proper structure to hold said carbonated beverage and keep same from exploding"; that the bottle which exploded was not reasonably fit for the purpose for which it was used; that the plaintiff relied upon these representations of the defendant; and that the defendant made such representations as of its own knowledge, and knew, or had reasonable cause to know, that the representations were false.

This count is cast in deceit, the five elements of which must be well pleaded. *Windram* v. *French*, 151 Mass. 547. *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164, 167. The defendant is not charged with making any express representations directly to the plaintiff, the allegation being that the representation consisted "in putting said bottle or bottles upon the market." A fraud, however, may be perpetrated by an implied as well as by an express representation. *Lobdell* v. *Baker*, 1 Met. 193, 201. *Hecht* v. *Batcheller*, 147 Mass. 335, 339. *Watson* v. *Silsby*, 166 Mass. 57, 58. But whatever form the representation may take, the burden is upon a plaintiff to show that it was made with the intention of inducing him to act upon it. In the case at bar, in so far as it is a question of law whether any representation arises from the mere fact of putting such a bottle on the market, there is no admission of this by demurrer, and, in so far as any representation arises as a conclusion of fact, it is not admitted by demurrer, unless the conclusion follows, as a necessary one, from the specific facts well pleaded. *Johnson* v. *East Boston Savings Bank*, 290 Mass. 441, 446–447, and cases cited. *Comerford* v. *Meier*, 302 Mass. 398, 402. It is true that a representation may be made to a class, and that anyone within the class may rely upon it, but there is no allegation in the case at bar that brings the plaintiff any nearer to the bottle that is alleged to have exploded, other than the allegation that she "was standing nearby." There is no suggestion that she purchased the bottle, made any use of it, or entered into any transaction concerning it.

The alleged implied representations cannot be said to have been made to one who stood in any relation other

than that alleged of the plaintiff. See *Pitman* v. *Lynn Gas & Electric Co.* 241 Mass. 322, 324. One cannot maintain an action of deceit merely by acting upon a representation that was not directed to him. *Hunnewell* v. *Duxbury,* 154 Mass. 286, 288. *Beaman* v. *Gerrish,* 235 Mass. 79, 86–87, and cases cited. Even if it be assumed that it is sufficiently alleged that the representations were made to the plaintiff, there is no allegation of what the plaintiff did, or did not do, in reliance thereon. On the contrary, there is the mere bald allegation of reliance without any averments to support that conclusion, and such an allegation is not sufficient when challenged by demurrer. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 281. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, 26–27. *Fleming* v. *Dane,* 298 Mass. 216, 218. *Wesalo* v. *Commissioner of Insurance,* 299 Mass. 495, 498. *Comerford* v. *Meier,* 302 Mass. 398, 402. *Stockus* v. *Boston Housing Authority,* 304 Mass. 507, 511. The demurrer was rightly sustained as to the first count.

2. The second count of the declaration contains allegations to the effect that the defendant manufactures bottles; that it sells them for the purpose of serving as containers for carbonated beverages charged with carbon dioxide, or carbonic acid gas, which exerts an exploding pressure "upon said bottle, and by reason thereof is highly dangerous"; that the use of said bottles "is fraught with considerable danger and hazard to any person using same or coming in proximity thereto"; that the defendant sold bottles to a bottler of carbonated beverages intending that they should be filled, and eventually should come into the possession of "any person who might buy same or otherwise have occasion to handle or come in proximity thereto"; that it was the duty of the defendant to use due care in the manufacture of the bottle so that "same" would be reasonably fit for the purpose for which it was intended to be used, but that the defendant failed in this duty; and that the plaintiff, believing that the defendant had used due care in the manufacture of "said bottle" and not making, or being able to make, any inspection thereof, was injured

while standing in proximity to "said bottle [when it] exploded."

When the plaintiff comes to state what happened, she alleges that she was standing in proximity to a bottle containing "a highly charged carbonated beverage," which exploded. We pass over the question whether this last allegation brings the plaintiff within the scope of the duty alleged, for the reason that we are of opinion that this count of the declaration is defective in failing to point out the cause of the explosion of the bottle. For all that appears, the bottle in question may have been unfit for the purpose for which it was intended without reference to the fact alleged that the bottle exploded. If it be assumed that the plaintiff would have stated a case if she had alleged that the bottle exploded as a result of the defendant's negligence, nevertheless, we are of opinion that this count is bare of such an allegation, and that for this reason the demurrer was rightly sustained.

3. The third count of the declaration contains allegations similar to those in the other counts relative to the manufacture of bottles and their sale for the purpose of being used as containers for carbonated beverages, which makes them dangerous. It is further alleged that the defendant sold some of its bottles to a dealer who was a bottler, who used them for the purpose for which they were intended; that one of said bottles exploded while being used "as such container," injuring the plaintiff; that her injuries were due to the fact that the bottle was not safe, but was dangerous for the use for which it was supplied; that the defendant knew, or ought to have known, that it was likely to be dangerous; and that the defendant, although having no reason to believe that the plaintiff would realize its dangerous condition, failed "to take any steps to inform this Plaintiff of its dangerous condition or of the facts which made it likely to be dangerous."

Again, we pass over the vagueness of the allegations relative to the explosion of the bottle, observing merely that nothing more appears than that the bottle exploded while being used as a container for carbonated beverages. There

is no allegation of any negligence in the manufacture of the bottle, or that the defendant's bottles were more likely to explode than any other bottles. The idea conveyed is that all bottles, when charged with carbonated beverages, are highly dangerous. It well may be doubted whether the defendant had any duty to warn in the circumstances, but if we assume that it owed some such duty to someone, the question arises whether a breach of such duty is alleged.

It seems that the plaintiff seeks to bring the sale of the bottle that exploded within the rule as to sales of articles that are inherently dangerous, where lack of notice of the dangerous quality may be the basis of liability of the seller to a third person, who, while in the exercise of due care, and having no knowledge of the true character of the article, is injured by a use of it which should have been contemplated by the seller. *Farley* v. *Edward E. Tower Co.* 271 Mass. 230, 233–234, and cases cited. In the application of this rule as to notice, a manufacturer may owe a duty to the wholesaler; the wholesaler may owe a duty to the retailer; and the retailer may owe a duty to the ultimate purchaser. But this series of notices does not necessarily amount to a continuous, unbroken chain in so far as the liability of the various actors is concerned. For example, as a rule, the manufacturer performs his duty, if he notifies his immediate purchaser, with whom alone, commonly, he has any relations, and the retailer or dealer performs his duty, if any, by notifying his customer. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501, 511. *Farley* v. *Edward E. Tower Co.* 271 Mass. 230, 235, 237–238. There are no allegations in this third count which in any way seek to cast upon the defendant a duty to see that the "dealer" should give any notice to anyone, or to show that it would be liable if the dealer failed to give notice. As matter of fact, there is no allegation either that the defendant failed to notify the dealer or that the dealer failed to give notice, and in the absence of such allegations, none is to be inferred. *Comerford* v. *Meier,* 302 Mass. 398, 402. We think that the allegation of the plaintiff as to notice is not enough to show a breach of any duty on the part of the defendant.

The allegation as to breach of duty amounts to this: that the defendant who sold bottles to a dealer failed to notify this plaintiff of the alleged danger resulting from the combination of one of its bottles and a carbonated beverage. What she was doing when the bottle exploded does not appear, and her relations with the dealer are not disclosed. An article in common use, and in use for a common purpose, exploded. The bottle itself is not alleged to have been defective in any way. It is unnecessary to speculate as to the possible form or forms of notice that would be adequate if it should be held that the defendant owed a duty to the plaintiff. If any such form of notice is practical, it is difficult to see how the defendant would have any reason to suppose that this plaintiff, from her allegations, by which she is bound, needed any warning. *Cadogan* v. *Boston Consolidated Gas Co.* 290 Mass. 496, 499–500. We think that the demurrer to the third count was rightly sustained.

When the demurrer in each case was sustained, the plaintiff was given leave to amend. The plaintiffs, however, do not appear to have availed themselves of this opportunity. The ground for sustaining the demurrer in each case is sufficiently set forth, as that the matters contained in each count are insufficient to enable the plaintiff to maintain the action. In the circumstances, we think that judgment should be entered for the defendant in each case. The opinion, in so far as it relates to the second and third counts, is of a majority of the court.

*Judgments for the defendant.*