### GAMMON *v.* DAIN.

1. CORPORATIONS—DIVIDENDS—FRAUD—EVIDENCE—SUFFICIENCY.
   In an action for a dividend on certain corporate stock sold by plaintiff to defendant, evidence to sustain plaintiff's contention that the dividend was declared before the stock was sold, *held*, sufficient to present a question of fact for the jury.

2. SAME—WITHHOLDING INFORMATION BY SECRETARY OF CORPORATION.
   That title to the corporate stock had passed before the dividend was declared, would not bar plaintiff's right to recovery if the purchaser, who was secretary of the corporation, concealed the fact that it was about to make an advantageous sale of a portion of its real estate and declare a dividend.

Error to Genesee; Brennan (Fred W.), J.    Submitted January 5, 1927.    (Docket No. 23.)    Decided April 1, 1927.

---

¹Corporations, 14 C. J. § 1896; ²Id., 14a C. J. § 1896.

Assumpsit by Arthur A. Gammon against Paul G. Dain and others for dividends on certain corporate stock. Judgment for plaintiff. Defendants bring error. Affirmed.

*Clarence A. Cameron* and *Farley & Selby*, for appellants.

*Gault & Parker*, for appellee.

SNOW, J. Plaintiff and defendants Transue and Dain were stockholders in the defendant corporation Unit Investment Company. Transue and Dain were directors, and Transue was its secretary. Transue and Dain were also copartners in business. Plaintiff was the owner of 10 shares of the corporation stock, par value $100 each, which he sold to Transue for $600. The date of the sale is in dispute, plaintiff claiming it was August 8, 1923, while defendants claim it was two days prior. August 8th, the corporation declared a 90 per cent. dividend, to which, in the sum of $900 on this stock, plaintiff claims he is entitled. In an action of assumpsit he recovered judgment, which is here reviewed by defendants on writ of error.

Two principal questions are present for determination:

1. Plaintiff contends that the dividend was declared before the stock was sold, and therefore clearly belonged to him. Defendants deny this, and claim it was declared afterwards, and that there was no proof to the contrary, at most, it being insufficient to make a question of fact for the jury as to the date of sale. We do not agree with this claim of defendants. Mr. Bradley, agent for plaintiff, and the one who consummated the sale, testified positively the date of the sale was August 8th. He admits the check of Mr. Transue was dated August 6th, but denies its delivery to him on that date. He testified he received and de-

posited the purchase price check, surrendered the stock to Transue, and drew his own check in favor of the plaintiff, his principal, all on the 8th of August. There are also circumstances showing the meeting when the dividend was declared was in fact the 6th and not the 8th. While all this is denied by the defense, a fair question of fact was made for the jury and properly submitted by the trial court.

2. The court further instructed the jury, in effect, if it were found that plaintiff was not the owner of the stock when the dividend was declared, and that the title had in fact passed, he could still recover, if Transue, the purchaser and an officer of the corporation, remained silent and failed to inform plaintiff or his agent of the existence of exceptional facts and special circumstances not appearing upon the books of the corporation, which would enhance the value of the stock. Of this defendants complain. The facts concealed from plaintiff by defendants were that the corporation was about to sell a portion of its real estate for $24,500, and that a dividend was to be declared. Such sale was in fact made on August 8th, and $20,000 in cash and a note for $4,500 received by the corporation.

The case at bar falls squarely within the rule enunciated by this court in *Buckley* v. *Buckley*, 230 Mich. 504, where it is said:

"The special circumstances producing exceptional cases seem to be, an assured sale, merger, or other fact or condition enhancing the value of the stock, known by the officer or officers, not known by the stockholder, and not to be ascertained by an inspection of the books."

In the instant case the plaintiff was not a resident of Michigan. He did not know of and had no way of ascertaining the pending negotiations for an advantageous sale of some of the land of the corpora-

tion, or that the sale was about to be closed. Transue, its secretary, knew all about it, and realized the certain profit that would come to him from a purchase of the stock. He concealed this knowledge from the plaintiff and his agent—in fact it is claimed by plaintiff (and not without foundation) that he purchased the stock after the sale of the corporation's land and the declaration of the dividend. The court's instructions on this phase of the case were correct.

The judgment is therefore affirmed, with costs to plaintiff.

SHARPE, C. J., and STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred. BIRD, J., did not sit.