## TOERING v. GLUPKER.

1. Sales—Ceiling Price—Limitation of Actions—Time—Payments.

Violation, if any, of Federal price control act occurred when deal for used tractor was consummated whereby title was transferred to plaintiff purchaser rather than final payments therefor and which constituted the alleged overpayment, hence where action to recover claimed overpayment was not brought within one year from violation it was barred by applicable statute of limitations (50 USCA App. § 925[e]).

2. Appeal and Error—Questions Reviewable—Raising Question for First Time.

Claim, made for first time in appellant's brief on appeal, not having been made in declaration, requests to charge, arguments upon motions to dismiss or for new trial nor mentioned in statement of reasons and grounds for appeal, is not considered by Supreme Court.

3. SALES—FRAUD—SCIENTER—INSTRUCTIONS—REQUEST TO CHARGE.
   Instruction that affirmative proof of *scienter* on part of defend-. ant charged with common-law fraud in selling 1937 tractor as 1940 model was not a prerequisite to plaintiff's right to recover was not error, where plaintiff did not specifically request such instruction and instruction given presented no necessity therefor.

4. SAME—MOTOR. VEHICLES—MODELS—FRAUD.
   No duty rests upon the seller of a motor vehicle to advise a prospective purchaser thereof, without inquiry made in that connection, as to the model of the vehicle in the absence of misleading partial statements, half truths or other misleading factors in that regard.

5. SAME—FRAUD—EVIDENCE—INSTRUCTIONS—TRACTORS—MODELS.
   Where there was testimony that seller of 1937 tractor who had rebuilt it before selling it to plaintiff, that seller had stated. it was a 1940 model and made a representation to office of price administration to like effect so as to secure a higher ceiling price, it was error to confine jury's consideration of fraud to single matter of defendant's giving to plaintiff a certificate of title showing the tractor to be a 1940 model before or after deal was consummated.

6. FRAUD—REPRESENTATIONS.
   A representation within the meaning of the law of fraud is anything short of a warranty, which proceeds from the action or conduct of the party charged, and which is sufficient to create upon the mind a distinct impression of fact conducive. to action.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 15, 1947. (Docket No. 9, Calendar No. 43,511.) Decided October 13, 1947.

Case by Henry Toering against Bert Glupker for damages for fraudulent misrepresentation and statutory damages. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Mitts & Smith,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

DETHMERS, J.  On July 28, 1944, defendant sold to plaintiff a tractor for $2,275 receiving therefor a down payment of $300 and a chattel mortgage for the balance.  In May, 1945, plaintiff paid the balance of $1,500 then due on the mortgage.  It is plaintiff's claim that the tractor was a 1937 model but that defendant represented it to be a 1940 model, thereby obtaining from the office of price administration an authorization to sell to plaintiff at a price $576.62 in excess of the maximum ceiling price for the vehicle in question.

On October 1, 1945, plaintiff commenced this suit by filing a declaration containing a first count alleging misrepresentation by defendant to plaintiff as to the model of the tractor and reliance thereon by plaintiff to his damage, and a second count alleging a sale by defendant to plaintiff at a price in excess of and in violation of the rules and regulations of the office of price administration and claiming, under the act of congress and said rules and regulations, treble damages or an amount three times the difference between the sale price and the lawful office of price administration ceiling price.

The case was tried before a jury.  At the conclusion of plaintiff's proofs defendant moved to dismiss the first count on the ground that fraud was not proved and the second count on the ground that the action was not brought within the time limited by the act of congress (50 USCA App. § 925[e]); namely, within one year from the date of the occurrence of the violation.  The court granted the motion as to the second count, but denied it as to the first, and on the issue thus narrowed the jury returned a verdict of no cause of action.

Plaintiff claims error in the dismissal of the second count. It is plaintiff's contention that the violation occurred in May, 1945, when plaintiff paid the balance due on the mortgage in the amount of $1,500, on the theory that payments theretofore made applied on the lawful price of the tractor and that the portion representing the overcharge was not paid until that date. The trial court held to the view that the violation, if any, occurred on July 28, 1944, that being the date when the deal was consummated, the rights of the parties became fixed, title to the tractor was transferred to plaintiff and $300 cash and a mortgage for the balance was given to the defendant. In this we think the trial court was correct.

Plaintiff also claims that he has a common-law right of action predicated upon violation of the Federal act but not dependent upon the statutory remedy nor governed by its one-year limitation. This claim plaintiff makes for the first time in his brief on appeal. His declaration makes no such claim, it was not urged upon the lower court in requests to charge, nor in connection with the arguments upon the motion to dismiss nor in plaintiff's motion for new trial; neither is it mentioned in plaintiff's statement of reasons and grounds for appeal. We do not consider for the first time on appeal alleged causes of action never presented to nor urged upon, and for that reason not considered by, the court below.

The case, as submitted to the jury on count one, involved the common-law concept of fraud. Plaintiff contends that the trial court erred in failing to instruct the jury in effect that affirmative proof of *scienter* on defendant's part is not a prerequisite to plaintiff's right to recover for fraud. Plaintiff urges specifically that the trial court should have

charged the jury that proof of actual knowledge on the defendant's part of the fact that the tractor was a 1937 model was not essential to plaintiff's right to recover. The trial court followed the rule laid down in *Krushew* v. *Meitz,* 276 Mich. 553, as to what must be shown in order to establish actionable fraud charging, *inter alia,* that plaintiff must prove that when defendant made a false material representation "he knew it was false or made it recklessly, without any knowledge of its truth and as a positive assertion." While plaintiff cites cases holding that *scienter* need not necessarily be proved to establish actionable fraud, and we think that an instruction to that effect would not have been in error, plaintiff did not specifically request such charge. The testimony discloses that defendant bought the tractor second-handed, receiving with it a certificate of title issued in 1937. The court's instruction that this fact was to be considered by the jury in determining whether any representation made by defendant as to the model of the tractor was made with knowledge of its falsity or recklessly, without any knowledge of its truth and as a positive assertion, was fully adequate to the factual situation and the state of the record before the court. In the exercise of reasonable care the defendant could not have been ignorant of the fact that the tractor was manufactured at least as far back as 1937. If he represented it to be a 1940 model, he either made the representation knowing it to be false or recklessly without regard to its truth. Such situation was fully covered by the instruction as given by the court and presented no necessity for an instruction as now contended for by plaintiff.

Plaintiff insists that even if he failed to prove a positive misrepresentation by defendant as to the model of the tractor, a duty reposed on defendant

to disclose to plaintiff that the tractor was a 1937 model. Plaintiff charges error on the basis of the court's failure to charge as requested on the elements of fraudulent concealment. In this connection plaintiff cites *Kenyon* v. *Woodruff*, 33 Mich. 310, involving designed partial statements which deceive and concealment of facts making such partial statements misleading; also, *Tompkins* v. *Hollister*, 60 Mich. 470, *Buckley* v. *Buckley*, 230 Mich. 504 and *Grigg* v. *Hanna*, 283 Mich. 443, involving concealment by those in a fiduciary relationship or those owing a particular or peculiar duty to disclose the facts so concealed. These cases are not applicable here. We are not prepared to hold that a duty rests upon the seller of a motor vehicle to advise a prospective purchaser thereof, without inquiry made in that connection, as to the model of the vehicle in the absence of misleading partial statements, half truths or other misleading factors in that regard.

Plaintiff next contends that the charge of the trial court to the jury was argumentative, prejudicial and unduly favorable to defendant. Here plaintiff directs attention to the frequently repeated statement in the court's charge to the effect that there was no proof in the record of any word-of-mouth misrepresentation and that, if there was any false representation made in the case, it was only made by defendant's giving to plaintiff a certificate of title showing the tractor to be a 1940 model. The trial court followed this with the instruction that, if the certificate of title was handed by defendant to plaintiff before they made their bargain, there was a misrepresentation, but if the title was not so handed to plaintiff until after the bargain was made, then there was no misrepresentation in the case whatsoever because that was the only thing

in the case that could be called a misrepresentation. In this we believe the court erred. Twice in his testimony plaintiff stated that the defendant told him before the deal was consummated that the tractor was a 1940 model. Furthermore, the testimony discloses that defendant had rebuilt the tractor before selling it to plaintiff, increasing its power over that of a 1937 model and placing on it a 1940 model cab. The evidence also shows that defendant represented to the office of price administration that the tractor was a 1940 model and on that basis received a price authorization, which he assured plaintiff was the correct ceiling price on the vehicle in question. These were all factors which the jury should have been permitted to consider in determining whether the defendant had represented to the plaintiff, before selling the tractor to him, that it was a 1940 model.

"A representation within the meaning of the law of fraud is anything short of a warranty, which proceeds from the action or conduct of the party charged, and which is sufficient to create upon the mind a distinct impression of fact conducive to action." 23 Am. Jur. p. 755, § 3.

It was, therefore, error for the court to confine the jury in this connection to the single factual question of whether the certificate of title showing the tractor to be a 1940 model was handed by defendant to plaintiff before or after the bargain was made.

Other portions of the court's charge, which plaintiff claims to have been argumentative and unduly favorable to defendant and to have contained comments on the facts not supported by the testimony, are not likely to recur on retrial and, for that reason, require no comment.

Reversed and remanded for a new trial, with costs in both courts to plaintiff.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.