# STATE OF MICHIGAN

# COURT OF APPEALS

WAYNE A. SMITH,

        Petitioner-Appellant,

v

TOWNSHIP OF FORESTER,

        Respondent-Appellee.

FOR PUBLICATION
February 13, 2018
9:00 a.m.

No. 335644
Tax Tribunal
LC No. 15-004331-TT

Before: RONAYNE KRAUSE, P.J., and FORT HOOD and O'BRIEN, JJ.

PER CURIAM.

Petitioner appeals by right the judgment of the Michigan Tax Tribunal (MTT) denying his request for a poverty exemption from his 2015 property taxes. We affirm.

Petitioner applied for a poverty exemption for his principal residence located in Forester Township. Respondent's poverty exemption guidelines provided that an exemption would be denied if the applicant's assets exceeded $4,500 or if the applicant's income exceeded the federal poverty guidelines, which at that time was $11,770 for a household of one. Respondent's guidelines also indicated that reverse mortgage[1] payments would be "added" to an applicant's income. In his application, petitioner calculated his assets at over $9,000. He also disclosed that he received over $10,000 in social security retirement payments and that he had received over $12,000 in reverse mortgage payments that tax year. Respondent's board of review denied the request for an exemption on the ground that petitioner had "adequate resources."

---

[1] A "reverse annuity mortgage" is defined as "[a] mortgage in which the lender disburses money over a long period to provide regular income to the (usu. elderly) borrower, and in which the loan is repaid in a lump sum when the borrower dies or when the property is sold." *Black's Law Dictionary* (9th ed). "A home equity conversion mortgage, more commonly called a 'reverse mortgage,' allows a homeowner over the age of 62 to borrow money based on his or her home equity." 21 ALR7th Art 4.

Petitioner then appealed to the MTT Small Claims Division, contending that respondent's asset limit was unduly restrictive.[2] Respondent maintained that it denied the exemption because petitioner's income exceeded the poverty guideline. The hearing referee, relying on IRS Publication 936 (2015), found that reverse mortgage payments should not constitute income and that petitioner's income was sufficiently low when those payments were excluded. The referee noted that petitioner still exceeded the asset limit, but nonetheless found a substantial and compelling reason to deviate from the guidelines because it would be unreasonable to require petitioner to sell his vehicle in order to pay his property taxes. Respondent filed exceptions to the proposed opinion and order, primarily arguing that reverse mortgage payments should be treated as income for poverty exemption purposes.

In its final order and judgment, the MTT agreed with respondent. Relying on an unpublished opinion from this Court, the MTT concluded that it was irrelevant that reverse mortgage payments were not taxable income. The MTT found that the reverse mortgage payments were available to petitioner to pay his property taxes. Given that ruling, the MTT found it "unnecessary to evaluate [petitioner's] eligibility under the asset test," but nonetheless found that there were not "substantial and compelling reasons to grant the exemption when considering both the income and the asset tests." Petitioner filed a motion for reconsideration, which the MTT denied because petitioner "failed to demonstrate that he was unable to contribute to the public charge as required by MCL 211.7u and is not eligible for the exemption."

On appeal, petitioner challenges the MTT's final judgment and its denial of his motion for reconsideration. If fraud is not alleged, the MTT's decision is reviewed "for misapplication of the law or adoption of a wrong principle." *Wexford Med Group v City of Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006).

The poverty exemption from property taxes on a principal residence is governed by § 7u of the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, which provides in pertinent part as follows:

> (1) The principal residence of persons who, in the judgment of the supervisor and board of review, by reason of poverty, are unable to contribute toward the public charges is eligible for exemption in whole or in part from taxation under this act. This section does not apply to the property of a corporation.

> (2) To be eligible for exemption under this section, a person shall do all of the following on an annual basis:

\* \* \*

---

[2] Petitioner also challenged the assessment of the property's value for 2015 and 2016. Those issues are not relevant to this appeal.

(e) Meet the federal poverty guidelines updated annually in the federal register by the United States department of health and human services under authority of section 673 of subtitle B of title VI of the omnibus budget reconciliation act of 1981, Public Law 97-35, 42 USC 9902, or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines.

\* \* \*

(4) The governing body of the local assessing unit shall determine and make available to the public the policy and guidelines the local assessing unit uses for the granting of exemptions under this section. The guidelines shall include but not be limited to the specific income and asset levels of the claimant and total household income and assets.

(5) The board of review shall follow the policy and guidelines of the local assessing unit in granting or denying an exemption under this section unless the board of review determines there are substantial and compelling reasons why there should be a deviation from the policy and guidelines and the substantial and compelling reasons are communicated in writing to the claimant. [MCL 211.7u(1), (2)(e), (4), and (5).]

With respect to the MTT's denial of petitioner's motion for reconsideration, petitioner argues that the MTT erred by not restricting its analysis to whether petitioner satisfied the income and asset tests. With respect to the MTT's final judgment, and the thrust of petitioner's argument on appeal, is that the MTT erred by treating reverse mortgage payments as income rather than assets. Neither argument, however, provides petitioner with a means for appellate relief. If we accept petitioner's arguments, petitioner's resulting assets would exceed the asset limit set in respondent's guidelines, and, therefore, he would fail the asset test and still be precluded from claiming the poverty exemption.

On petitioner's application for the poverty exemption, he listed his assets as $9,328.59. In the MTT, he argued that his automobile, which had an estimated value of $6,250, should not be counted in this estimation. If we accept this argument without assessing its merit, then petitioner's assets listed on his application were $3,078.59. Petitioner argues on appeal that his reverse mortgage should have been considered an asset, not income. Petitioner's reverse mortgage was in excess of $12,000. Thus, accepting this argument as well, petitioner's assets totaled over $15,000.[3] This is well in excess of the $4,500 limit. Granted, the MTT did not

---

[3] In the context of arguing that the reverse mortgage was not income, petitioner points out that "the equity of the homestead is treated as a protected or exempted asset," and then rhetorically asks,

[W]hy does it become non-protected and nonexempt once it is converted into money? And if a petitioner cannot be required to 'borrow against the equity to

expressly address the asset test, but it did find that "there is insufficient information on record to demonstrate such substantial and compelling reasons to grant the exemption when considering both the income and the asset tests." Petitioner does not challenge that part of the MTT's decision on appeal.

Accordingly, even assuming that the MTT erred by considering petitioner's reverse mortgage as income, we would nevertheless affirm the MTT's decision because it would have properly determined that petitioner did not qualify for the poverty exemption, albeit for the wrong reasons. See *Taylor v Laban*, 241 Mich App 449, 458; 616 NW2d 229 (2000). Under these circumstances, petitioner's arguments effectively present moot questions that we need not address. See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

Affirmed.

/s/ Amy Ronayne Krause
/s/ Karen M. Fort Hood
/s/ Colleen A. O'Brien

---

pay the taxes', why would the occurrence of such an event result in a different result as to the right to a poverty exemption?

This may be construed as an argument that a reverse mortgage should be considered a protected asset. Assuming that this argument was properly before this Court, which it is not due to petitioner's failure to develop the argument, see *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999), we note that treating reverse mortgage payments as an asset does not require a property owner to borrow against his or her home equity to pay property taxes. Rather, in the event that a reverse mortgage is executed, the amount would be considered an asset for purposes of the poverty exemption.

Further, not including a reverse mortgage as either an asset or income for purposes of the poverty exemption would undermine the intent of the exemption. Theoretically, a taxpayer could own a $2,000,000 home, have no income and assets below the asset limit, and execute a $100,000 reverse mortgage. Under petitioner's proposed interpretation, this theoretical taxpayer could claim the poverty exemption, despite having the ability to contribute toward the public charges.