*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PIONEER STATE MUTUAL INSURANCE
COMPANY,

    Plaintiff/Counterdefendant-
    Appellant,

v

ROY ALAN SHADOWENS and JULIE SIXBEY,

    Defendants/Counterplaintiffs-
    Appellees,

and

ANDREW JOHN BARTEL-SIXBEY,

    Defendant,

and

STATE FARM MUTUAL INSURANCE
COMPANY,

    Intervening Defendant-Appellee.

UNPUBLISHED
November 14, 2019

No. 343716
Livingston Circuit Court
LC No. 17-029444-CK

Before: O'BRIEN, P.J., and GADOLA and REDFORD, JJ.

PER CURIAM.

In this suit for declaratory relief to rescind an automobile no-fault policy, plaintiff, Pioneer State Mutual Insurance Company (Pioneer), appeals by right the trial court's order denying Pioneer's motion for summary disposition under MCR 2.116(C)(10), and granting summary disposition for defendants, Roy Alan Shadowens, Julie Sixbey (defendants), and intervening-defendant, State Farm Mutual Insurance Company (State Farm), under MCR 2.116(I)(2). For the reasons set forth below, we affirm.

## I.  FACTS

Sixbey and Shadowens are married, but Sixbey retained her maiden name.  Sixbey had a son from a previous relationship, Andrew Bartel-Sixbey, who had moved out of defendants' home in approximately 2005.  Testimony established that Bartel-Sixbey was a drug addict who moved from home to home over the years, and had his driver's license suspended or revoked since 2006.

Pioneer issued defendants a no-fault automobile insurance policy in 2008.  In the application, Shadowens did not list Bartel-Sixbey as a member of his household, and denied that anyone living with him had a suspended or revoked license.  Since 2008, Shadowens has renewed the policy every six months.

In 2011, Pioneer learned that Bartel-Sixbey was using defendants' home address on his identification card.  Pioneer threatened to cancel defendants' policy, but Sixbey denied that Bartel-Sixbey lived at the home and had him change the address on his identification.  Following the change, Pioneer did not cancel the policy.

Testimony established that defendants allowed Bartel-Sixbey to stay with them for two or three months in either 2012 or 2013, but defendants did not inform Pioneer of this.  Shadowens eventually kicked Bartel-Sixbey from the home because he stole from him.

In September 2016, Bartel-Sixbey drove Sixbey's Jeep, insured by Pioneer, with Sixbey riding in the passenger seat.  Bartel-Sixbey was apparently under the influence of narcotics at the time.  Bartel-Sixbey crossed the centerline and crashed into a car being driven by Amanda Martlock, whose insurer was State Farm.  After Martlock sued Bartel-Sixbey and Sixbey, Pioneer filed this lawsuit seeking to rescind defendants' insurance policy, and State Farm intervened as Martlock's insurer.

In March 2018, Pioneer moved for summary disposition.  It argued that defendants committed fraud by not disclosing that Bartel-Sixbey had resided with them for a few months in 2012 or 2013, and maintained that this fraud warranted rescission of the insurance policy.  The trial court denied the motion and, after determining that the undisputed facts showed that Pioneer could not establish its claim for fraud, granted summary disposition in favor of defendants under MCR 2.116(I)(2).

## II.  STANDARD OF REVIEW

On appeal, Pioneer argues that the trial court erred when it denied its motion for summary disposition.  This Court reviews de novo a trial court's decision on a motion for summary disposition.  See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).  This Court also reviews de novo whether the trial court properly construed a contractual agreement, see *Conlin v Upton*, 313 Mich App 243, 254; 881 NW2d 511 (2015), and whether the trial court properly applied Michigan's common law, see *Roberts v Salmi*, 308 Mich App 605, 613; 866 NW2d 460 (2014).

## III. ANALYSIS

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. See *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). That rule entitles the moving party to summary disposition if it demonstrates that "there is no genuine issue as to any material fact" and that it "is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). Under MCR 2.116(I)(2), "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

When Pioneer moved for summary disposition, it argued that there was no genuine issue of fact that the insureds committed silent fraud by not disclosing that Bartel-Sixbey lived with them in 2012 or 2013. Alternatively, Pioneer argued that defendants committed actionable fraud by not disclosing that Bartel-Sixbey lived with them at the time they renewed their policy in 2012 or 2013. But regardless of how the fraud came about, Pioneer asked the trial court to rescind the entire policy based on defendants' fraud. Defendants and State Farm, on the other hand, asked the trial court to deny Pioneer's motion and grant them summary disposition under MCR 2.116(I)(2) because, according to them, Pioneer had no evidence to establish fraud and, in any event, the alleged fraud did not relate to the agreement at issue.

Insurance contracts are governed by both statutory provisions and the common law. See *Bazzi v Sentinel Ins Co*, 502 Mich 390, 399; 919 NW2d 20 (2018). Although there are statutory provisions that limit an insurer's ability to cancel or rescind a policy, the no-fault act does not preclude an insurer from rescinding a contract on the basis of fraud. *Id.* at 401. Thus, an insurer may seek rescission of a contract on the basis of fraudulent or innocent misrepresentation, or silent fraud. See *Titan Ins Co v Hyten*, 491 Mich 547, 555-558; 817 NW2d 562 (2012).

### A. SILENT FRAUD

Pioneer argued that defendants engaged in silent fraud by failing to disclose that Bartel-Sixbey lived with them for a few months in 2012 or 2013 because defendants allegedly had a duty to inform Pioneer of any changes in their household between renewals.

In order to establish silent fraud as a ground for rescission, Pioneer had to establish that defendants had a legal or equitable duty to disclose a particular fact, that they knew the fact and failed to disclose it, that they intended Pioneer to act on their failure to disclose the information, and that Pioneer acted in reliance on the undisclosed information to its detriment. See *McMullen v Joldersman*, 174 Mich App 207, 213; 435 NW2d 428 (1988). A party has a legal duty to disclose a fact when he or she contractually agrees to disclose a particular fact, and has an equitable duty to disclose a fact when the other party has directly inquired or expressed a particularized concern about a fact such that the party's silence in the face of the inquiry or concern would create a false impression. See *M&D, Inc v WB McConkey*, 231 Mich App 22, 29, 33; 585 NW2d 33 (1998). A party also has an equitable duty to disclose later acquired information that renders a previous representation misleading or untrue, see *id.*, but that duty only lasts until the parties consummate the agreement, see *US Fidelity & Guaranty Co v Black*, 412 Mich 99, 127; 313 NW2d 77 (1981). The duty to disclose applies generally to fiduciaries and certain relationships, but there is no duty to disclose in the ordinary contract setting except

when a party is responding to a specific inquiry. See *Toering v Glupker*, 319 Mich 182, 187; 29 NW2d 277 (1947).

In their policy, the parties agreed that Pioneer was relying on the truth of Shadowens' statements in the application and declarations, which were incorporated into the policy. In the original 2008 application, Shadowens represented that neither he nor "any person" living with him had had his or her license or motor vehicle privileges suspended, restricted, limited, or revoked. The parties also agreed that Pioneer could not cancel the policy except under certain limited circumstances, one such circumstances being if "[a]ny driver who lives with you" has had his or her license suspended or revoked "[d]uring the policy period" or "[s]ince the last anniversary of the original effective date" if the policy is for other than one year.

There was evidence that defendants allowed Bartel-Sixbey to stay with them on an intermittent basis before 2012 or 2013, and that he stayed with them for two or three months in 2012 or 2013. There was also evidence that Pioneer intended to enforce the provision of the parties' agreement that allowed Pioneer to cancel defendants' policy if a person with a suspended or revoked license lived with defendants. The e-mail exchange with the agent for defendants demonstrated that Pioneer acted to cancel the policy in 2011 when it discovered that Bartel-Sixbey's state identification listed defendants' address as his home address. Pioneer only refrained from canceling the policy after Sixbey presented proof that Bartel-Sixbey had changed the address on his identification card. Despite this evidence, Pioneer failed to establish that defendants had a duty to disclose to Pioneer that Bartel-Sixbey lived with them for two or three months in 2012 or 2013.

Pioneer asserts in its brief that defendants had an "obligation and duty . . . to inform [Pioneer] of any change in the household," but it does not identify any contractual duty or law in support of that proposition. The common-law duty to disclose newly acquired information expires with the consummation of the agreement. See *US Fidelity & Guaranty*, 412 Mich at 127. Defendants had a duty to fully and accurately respond to direct inquires by Pioneer, see *Toering*, 319 Mich at 187; *M&D, Inc*, 231 Mich App at 29, but, unlike the 2011 incident involving Bartel-Sixbey's address change, Pioneer failed to present evidence that it made any direct inquiries in 2012 or 2013. Absent such evidence, Pioneer's contention that "a duty arose which required [defendants] to inform [Pioneer] of the addition of Bartel-Sixbey to the household" in 2012 or 2013 is legally incorrect. The trial court properly concluded that defendants are entitled to summary disposition as a matter of law on Pioneer's theory of silent fraud for failure to disclose because Pioneer failed to establish that defendants had a legal or equitable duty to disclose that Bartel-Sixbey stayed with them for two or three months in 2012 or 2013.

## B. ACTIONABLE FRAUD

Pioneer also argues that the evidence establishes, at the very least, a question of fact whether Bartel-Sixbey was living with defendants when they renewed their policy in 2012 or 2013, and that defendants' failure to disclose this information when renewing their contract amounted to actionable fraud. As explained by our Supreme Court:

[t]he general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he

-4-

made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. [*Titan Ins Co*, 491 Mich at 555 (quotation marks and citation omitted; alteration in *Titan Ins Co*).]

As stated, there was evidence that defendants allowed Bartel-Sixbey to stay with them for two or three months in 2012 or 2013. Pioneer also presented evidence that defendants renewed their policy with Pioneer throughout 2012 and 2013, and none of the declarations from those renewals listed Bartel-Sixbey as a driver. Pioneer contends that, from this evidence, a jury could reasonably conclude that Bartel-Sixbey was living with defendants at a time they renewed their policy with Pioneer, and that defendants' failure to disclose this information when renewing their policy amounted to actionable fraud.

We conclude, however, that this evidence is insufficient to create a question of fact whether Bartel-Sixbey lived with defendants on the date of a particular contract renewal in 2012 or 2013, such that their failure to update the statements in the application or declarations page would amount to a misrepresentation in the procurement of the renewal. There is simply no evidence in the record to support that Bartel-Sixbey was living with defendants at a time when they renewed their policy. Such a conclusion would be speculation or conjecture—"an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994) (quotation marks and citation omitted). While Bartel-Sixbey living with defendants when they renewed their policy in 2012 or 2013 would be consistent with evidence that he stayed with them for two or three months in 2012 or 2013, there is no way to reasonably infer that, because Bartel-Sixbey lived with defendants in 2012 or 2013, he was living with them when they renewed their policy. Pioneer's theory "is, at best, just as possible as another theory," and Pioneer does not afford a reasonable factual basis to conclude that, "more likely than not," its analysis is correct. *Id*. at 164, 165. Thus, Pioneer's "proffered evidence constitutes only a mere possibility, which is insufficient to raise a material question of fact" and survive summary disposition. *Karbel v Comerica Bank*, 247 Mich App 90, 107; 635 NW2d 69 (2001) (quotation marks and citation omitted). Because Pioneer is unable to establish a question of fact for its claim of actionable fraud, the trial court properly granted summary disposition for defendants on that claim.

C. SEPARATE RENEWAL CONTRACTS

The trial court granted summary disposition to defendants because it believed that every policy renewal was a separate and distinct contract from other renewals, such that any misrepresentation in a prior renewal did not affect coverage so long as there were no misrepresentations in the most recent renewal. The court concluded that, even if defendants failed to disclose that Bartel-Sixbey was living with them when they renewed their policy in 2012 or 2013, it could not affect their coverage at the time of the accident because Pioneer failed to present evidence that Bartel-Sixbey was living with defendants when they last renewed their policy before the accident. We decline to decide whether this reasoning was proper because Pioneer failed to establish a question of fact whether defendants committed any fraud in 2012 or 2013 in the first instance. Thus, even if the trial court's reasoning was error, we would affirm its

decision because it would have reached the correct result. See *Smith v Twp of Forester*, 323 Mich App 146, 152; 913 NW2d 662 (2018).

## IV. CONCLUSION

In sum, Pioneer failed to establish that any of Shadowens' statements in his original application or renewals constituted misrepresentations, and it did not show that Shadowens or Sixbey breached any duty to disclose information to Pioneer. Consequently, Pioneer failed to establish that there was any evidence to support a claim of silent or actionable fraud. See *Titan Ins Co*, 491 Mich at 555-558. Because there was no evidence that defendants improperly withheld information that they had a duty to disclose or otherwise made a misrepresentation to Pioneer, the trial court did not err when it denied Pioneer's motion for summary disposition and granted summary disposition in favor of defendants. *Barnard Mfg*, 285 Mich App at 374-375.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael F. Gadola
/s/ James Robert Redford