*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUJAL G. PATEL,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
June 20, 2024

No. 366141
Tax Tribunal
LC No. 22-002307

Before: O'BRIEN, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

Petitioner, Sujal Patel, appeals as of right a final opinion and judgment of the Michigan Tax Tribunal, which affirmed respondent's denial of a principal residence exemption (PRE) for petitioner's property for tax years 2019, 2020, and 2021. We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

This case concerns Patel's claim of a PRE for a property on Portsman Court in Canton, Michigan. Patel and his wife previously lived with his parents at a residence on Cherry Hill Road in Canton. Patel purchased the Portsman property in September of 2018. According to evidence presented by Patel, he and his family moved to the Portsman property sometime after it was purchased. Patel and his wife did not, however, update their driver's licenses to reflect the change of address. Nor did they use the Portsman address on their tax returns. Further, each of their voter registrations remained at the Cherry Hill residence and Patel's wife voted in the precinct associated with that address. Patel requested a PRE for the Portsman property for tax years 2019, 2020, and 2021.

Respondent denied the PRE after determining that the Portsman property was not Patel's principal residence. Thereafter, the Tax Tribunal conducted an informal conference and the referee recommended that the PRE for the Portsman property be denied. The director of the Bureau of Tax Policy adopted the referee's recommendation in a decision and order of determination. Patel appealed the order to the Small Claims Division of the Tax Tribunal, arguing that he and his wife did not realize that they had failed to update their address on their driver's licenses, voter

registrations, and tax returns. In support of his position, Patel submitted a 2019 e-mail providing the pickup and drop-off location for his son's school bus, evidence of his son's enrollment at school, a warranty deed showing his ownership of the subject property, a warranty deed showing a neighbor's ownership of the property across from the Portsman property, and a driver's license for the neighbor. Respondent submitted evidence that Patel's and his wife's driver's licenses, vehicle registrations, voter registrations, and income tax returns listed their address as that of the Cherry Hill property during the relevant tax years. Respondent also provided evidence that Patel's wife voted at the precinct associated with the Cherry Hill property in 2020.

The Tax Tribunal conducted a hearing, at which Patel and his neighbor testified. Patel testified that he and his wife did not prioritize updating their address because they were medical professionals and had to address COVID-19 patients shortly after moving into the Portsman property. He also testified that he and his wife continued to receive mail at the Cherry Hill property during the tax years at issue. Patel's neighbor testified that Patel's family moved into the Portsman property sometime after November 2018. Following the hearing, the Tax Tribunal entered a final opinion and judgment in which it held that Patel was not entitled to a PRE for the Portsman property for the 2019, 2020, and 2021 tax years.

## II. PRE EXEMPTION

### A. STANDARD OF REVIEW

Review of Tax Tribunal decisions is limited. *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). Absent a claim of fraud, we review the Tax Tribunal's decision for "misapplication of the law or adoption of a wrong principle." *Smith v Forester Twp*, 323 Mich App 146, 149; 913 NW2d 662 (2018) (quotation marks and citation omitted). The Tribunal's factual findings are conclusive and will not be disturbed so long as they are supported by competent, material, and substantial evidence on the whole record. *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 447-448; 912 NW2d 569 (2017).

### B. ANALYSIS

The petitioner bears the burden of proving by a preponderance of the evidence that he or she is entitled to a tax exemption. *Spranger v City of Warren*, 308 Mich App 477, 479; 865 NW2d 52 (2014). MCL 211.7cc(1) provides that "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes . . . if an owner of that principal residence claims an exemption as provided in this section."[1] To receive a PRE, a taxpayer must file an affidavit stating "that the property is owned and occupied as a principal residence" by the taxpayer. MCL 211.7cc(2). "Principal residence" is defined as "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." MCL 211.7dd(c). "[A] person must dwell either permanently or continuously at a

---

[1] MCL 211.7cc has been amended several times since Patel purchased the Portsman property; however, the relevant language has remained unchanged. See 2018 PA 133; 2018 PA 633; 2020 PA 96; 2022 PA 141.

property to 'occupy' the property." *Schubert*, 322 Mich App at 450. Proof of occupancy can be presented in the form of testimony or relevant documentary evidence, such as "utility bills, driver's licenses, *Id*. at tax documents, other documents showing the petitioner's address, and voter registration cards." *Id*. at 454-455. "No single document is conclusive." *Id*. at 455.

Patel argues that the Tax Tribunal erred by concluding that he did not occupy the Portsman property for tax years 2019, 2020, and 2021. Patel alleges that the Tribunal essentially treated the evidence related to his driver's license, voter registration, and income tax returns as creating an irrebuttable presumption precluding a finding that he occupied the Portsman property. The record does not support a conclusion that the Tax Tribunal applied any such presumption. The Tax Tribunal found that Patel had not proven by a preponderance of the evidence that he was entitled to a PRE for the tax years at issue. The Tax Tribunal considered the evidence that Patel presented in support of his claimed occupancy of the Portsman residence, including the testimony from his neighbor and the information regarding Patel's son's school enrollment and bus stop. However, the Tax Tribunal concluded that Patel's evidence did not outweigh the evidence submitted by respondent in the form of driver's licenses, voter registrations, and income tax returns for 2019 and 2020, which all supported a conclusion that Patel and his wife resided at the Cherry Hill property during the relevant tax years. On this record, we conclude that the Tax Tribunal's finding was supported by competent, material, and substantial evidence.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney